against him by the running into it of a sled with coasters, coasting down the hill, and· he received the injuries complained of.

*Frederick Collin* and *Henry Donnelly* for appellant.

*L. L. Thrasher, J. S. Lambert* and *Robert E. Murrin* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ. Dissenting: HISCOCK, Ch. J., and LEHMAN, J. Not voting: POUND, J.

---

SARAH C. POTTER, Respondent, *v.* HOWARD M. POTTER, Appellant.

*Husband and wife — separation — cruel and inhuman treatment.*

*Potter* v. *Potter*, 208 App. Div. 746, affirmed.

(Argued April 9, 1924; decided May 13, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 8, 1924, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term in an action for a separation upon the ground of cruel and inhuman treatment.

*George B. Class* and *John L. Class* for appellant.

*E. C. Aiken* and *Frederick R. Rich* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

WILLIAM A. RAFTER, Respondent, *v.* RICHARD K. FOX PUBLISHING COMPANY, Appellant.

*Contract — services — master and servant — action to recover on contract for services — defenses of ultra vires, undue influence and termination of employment for cause.*

*Rafter* v. *Fox Publishing Co.*, 206 App. Div. 389, affirmed.

(Argued April 10, 1924; decided May 13, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 20, 1923, unanimously

affirming a judgment in favor of plaintiff entered upon a verdict. The action was brought by the plaintiff to recover the sum of $600,000 from the defendant by reason of its alleged breach of a contract of employment dated October 3, 1919, pursuant to the terms of which contract the defendant employed the plaintiff, and the plaintiff undertook to serve the defendant, in the capacity of an editor and general manager, for the term of his, plaintiff's, natural life, in the publication of a weekly sporting paper owned by the defendant, and known as the *National Police Gazette.* The result of the trial was a verdict in favor of the plaintiff for the sum of $200,000. The plaintiff, in his complaint, pleaded the contract, alleged the performance of his duties under it up to the time when, he asserted, he was, without cause, discharged by the defendant, and hence suffered the damages sued for. The defendant pleaded a general denial; also that the contract was *ultra vires;* further that it had been obtained by misrepresentations and undue influence; and further that the plaintiff's employment was duly terminated for cause.

*Robert H. Elder* and *Otho S. Bowling* for appellant.

*Hersey Egginton, Albert Conway, Douglas R. Gray* and *Alvah W. Burlingame, Jr.,* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

J. Hermon McLear, Appellant, *v.* Joseph Balmat et al., Defendants, Northern Ore Company, Respondent, and Sylvia Lake Company, Inc., et al., Appellants.

*Real property — partition — validity of leases of mineral rights and of options to purchase.*

*McLear* v. *Balmat*, 207 App. Div. 870, affirmed.

(Argued April 10, 1924; decided May 13, 1924.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 3, 1924, modifying and affirming as modified an interlocutory judgment of parti-