■ CARL A. CAPASSO, Respondent, v NANCY CAPASSO, Appellant. — Order, Supreme Court, New York County (Gabel, J.), entered February 1, 1984, denying defendant's motion to renew a prior motion which led to an order, entered October 28, 1983, directing her to turn over a Cy Twombly painting to plaintiff, reversed, on the law, without costs or disbursements, renewal granted, and upon renewal, plaintiff's motion for permission to remove the painting from the marital apartment denied. ¶ Order, Supreme Court, New York County (Gabel, J.), entered January 25, 1984, holding defendant in contempt, affirmed, without costs or disbursements. ¶ In this matrimonial action plaintiff husband, Carl Capasso, claiming that the painting in controversy had been purchased at a cost of $192,500 by Nanco Contracting Corp., his solely owned corporation, as an investment and was thus a corporate asset, moved for an order permitting him to remove the painting from the parties' marital residence on condition that he post a bond in the amount of $100,000 and account to defendant wife, Nancy Capasso, with respect to any sale of the painting. In the entire period since its purchase the painting has hung in the dining room of the marital residence. Although the purchase price was paid by a corporate check the bill from Sotheby's indicated that the painting was charged to the account of Nancy R. Capasso Interiors/Carl Capasso, 990 Fifth Avenue, H, New York, New York, 10021. The address is the marital residence. ¶ Plaintiff claimed that his intention in purchasing the painting was to display it and another work of art purchased during the corporation's fiscal year ending June 30, 1982, in the corporate offices in Long Island City "as soon as certain restorative work is completed." He claimed that Nanco had recently received a substantial contract to do sewer work for the City of New York, and that as a result the corporation had to borrow money and that the painting had to be sold to enhance Nanco's cash-flow position. In opposing the motion defendant claimed that the painting was purchased for use in the marital residence, and that the corporation had paid a significant portion of the over $2,000,000 cost of remodeling the apartment. ¶ Special Term granted plaintiff permission to enter the residence and remove the painting, and defendant did not appeal. She refused, however, to let plaintiff remove the painting, and on December 16, 1983, he moved to punish her for contempt for her failure to comply with the prior order. Defendant cross-moved, *inter alia,* for a money judgment for $2,900 for plaintiff's arrears in temporary maintenance. She also claimed that plaintiff failed to provide any documentation in support of his claim of financial difficulty; and that he had continually thwarted her efforts

to obtain discovery concerning his net worth. Special Term granted plaintiff's motion to the extent of holding defendant in contempt, but permitted her the opportunity to purge herself by paying a $250 fine and turning over the painting within 10 days. Special Term denied a hearing because defendant had conceded her disobedience of the prior order. ¶ Defendant thereafter moved to renew plaintiff's original motion, claiming that he had previously lied about the corporation's financial situation inasmuch as she had recently discovered that plaintiff was in the process of purchasing a cooperative apartment at 563 Park Avenue for $1,600,000 in cash. Defendant responded by claiming that the purchase of an apartment for his personal use is irrelevant to the question of whether the corporation is in financial trouble. He also argued that the motion was untimely since a motion for reargument must be made within 30 days of service of the order with notice of entry. Special Term denied the motion to renew, finding, *inter alia*, that the new evidence concerned plaintiff's personal property and did not refute plaintiff's contention that Nanco needed funds for corporate purposes. ¶ The renewal motion should have been granted and plaintiff denied permission to remove the painting. A motion to renew is based upon new material not available for consideration by the court previously. (*Foley v Roche*, 68 AD2d 558.) The new facts presented, viz., plaintiff's purchase of another apartment for $1,600,000, raised a serious question as to the corporation's need to sell the painting for additional funding. The evidence offered on the original motion clearly established that the corporation was plaintiff's alter ego, and was used by him for personal as well as business reasons. While the original motion was properly granted on plaintiff's claim that the corporation needed funds, upon renewal it became clear that plaintiff had available to him funds which could have been used as well for the corporation, upon which he freely drew for funds for his own personal use. The intermingling of corporate and personal assets and the indiscriminate use of the corporate assets for nonbusiness purposes permits judicial consideration of plaintiff's personal assets in determining the needs of the corporation, especially when plaintiff has failed to offer any documentary evidence of the corporation's financial status. ¶ Furthermore, the painting was not delivered to the corporate office, nor was it delivered in its name. Rather, it was delivered to the marital residence in the name of Nancy R. Capasso Interiors, and since its purchase, the painting has never been outside the apartment. Various other expensive items in the apartment were apparently also purchased with corporate funds, so that it is not clear that the painting is corporate property not subject to equitable distribution. We note also that the posting of a bond offers defendant little protection in the event the painting is eventually deemed to be marital property, since, as a unique chattel, it cannot be replaced. ¶ Finally, as for the finding of contempt we affirm since defendant, having neither appealed the original order nor obtained a stay of that order, flouted the court's directive by failing to comply. In view of our determination vacating the turnover order, which was the basis of the contempt order, defendant is no longer able or obligated to purge herself. Thus, the imposition of a sanction for a failure to purge would be inappropriate. Concur — Kupferman, J. P., Sullivan, Carro, Asch and Lynch, JJ.