■ In the Matter of LINDA C. BULLARD, Respondent, v T. DAVID BULLARD, Appellant. (Case No. 1.) T. DAVID BULLARD, Appellant, v LINDA C. BULLARD, Respondent. (Case No. 2.)— Mercure, J. Appeals (1) in case No. 1 from an order of the Supreme Court (Viscardi, J.), entered February 22, 1991 in Saratoga County, which, in a proceeding pursuant to CPLR 5206, directed the removal of respondent as the trustee under a certain declaration of trust, and (2) in case No. 2 from an order and judgment of said court, entered February 22, 1991 in Saratoga County, which granted defendant's motion to, inter alia, compel plaintiff to convey his interest in certain real property to defendant.

The parties were husband and wife and on January 26, 1989 entered into a separation agreement which provided, among other things, for the distribution of two parcels of real property. First, the agreement provided that the marital residence, which the parties had placed in a revocable trust for their children, was to be deeded to the husband in exchange for his payment to the wife of the greater of $125,000 or the ap-

praised value of the property. The second parcel involved in these appeals, known as West Orchard and titled in Bullard Orchards, Inc. (hereinafter the corporation), was to be conveyed to the wife, free and clear of all mortgages and liens.

The husband failed to perform his obligations under the separation agreement, as a result of which the wife sought and obtained judgment against him for the $125,000 which she was to have been paid for her share of the marital residence, an additional $10,000 representing the first installment of a distributive award to the wife provided for in the separation agreement, and $5,000 in counsel fees, for a total of $140,000. The wife thereafter commenced a proceeding pursuant to CPLR 5206 (e) to enforce the judgment against the marital residence (case No. 1). Rather than grant the relief requested, Supreme Court ordered that the husband be removed as a trustee. In addition, the wife obtained an order and judgment of Supreme Court compelling the husband to convey title to West Orchard to her and granting an additional $2,500 award of counsel fees on the application (case No. 2).* The husband appeals in each case.

We share Supreme Court's obvious displeasure with the husband's effort to hide behind the corporation and the trust to avoid the dispositions which he personally agreed to in the parties' separation agreement, but are constrained nonetheless to reverse the order in case No. 1 and the order and judgment in case No. 2. First addressing case No. 1, we are in full agreement with Supreme Court's apparent conclusion that the trust was to be treated as a nullity, but disagree with the procedure employed. Although there was no basis for removing the husband as trustee pursuant to EPTL 7-2.6 (a) (2), in view of the parties' reservation of an unqualified power to revoke the trust, EPTL 10-10.6 treats them as absolute owners as far as the rights of creditors and purchasers are concerned. That being the case, it is our view that Supreme Court was empowered to direct the sale of the property pursuant to CPLR 5206, as requested by the wife. Accordingly, we shall grant the wife's petition and remit the matter to Supreme Court for further proceedings pursuant to CPLR 5206 (e).

Turning now to case No. 2, it is clear that the husband's

* Just prior to argument of the appeal, the court received notification that the West Orchard property had been sold at a foreclosure sale to the United States Farmers Home Administration. However, we are limited in our inquiry to the facts before Supreme Court (see, Matter of Bligen v Kelly, 126 AD2d 989).

agreement to the disposition of the corporate property to the wife and further promise to "make, execute and deliver any and all further instruments, papers or things * * * [necessary to give] full effect to [the separation agreement's terms], covenants and provisions" require him to use his best efforts to bring about a conveyance of West Orchard property to the wife or, that failing, to pay her an amount equal to the unencumbered value of the property. The corporation was not, however, made a party to or placed on notice of the wife's application, and on this record we are unable to resolve the difficult issue of whether the husband, together with the wife, has the power to effect the conveyance (see, Kretzer v Kretzer, 81 AD2d 802). Whether the corporation may be deemed the parties' "alter ego" turns on a number of different considerations, among them whether there are other shareholders and, if so, the extent of their holdings; the nature, source and extent of the corporation's assets; the effect of the conveyance upon creditors of the corporation; and whether the parties have treated the corporation and its assets as their own (see, Capasso v Capasso, 102 AD2d 796, 797; Rafter v Fox Publ. Co., 206 App Div 389, 390, affd 238 NY 567; 1 O'Neal, Close Corporations § 1.09a, at 33-35 [2d ed]; 13 NY Jur 2d, Business Relationships, §§ 26-27, at 287-292; 14 NY Jur 2d, Business Relationships, § 576, at 353). In the absence of adequate information concerning the corporation, its shareholders, directors, officers and creditors, the source and extent of its capital, and the parties' past dealings with and relationship to it, we are required to reverse Supreme Court's order and judgment and remit for further development of the record in this regard.

Weiss, P. J., Mikoll and Levine, JJ., concur. Ordered that the order in case No. 1 is reversed, on the law, without costs, petition granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Ordered that the order and judgment in case No. 2 is reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.