Matter of Jon Z. (2019 NY Slip Op 09158)





Matter of Jon Z.


2019 NY Slip Op 09158


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1141 CA 18-01987

[*1]IN THE MATTER OF THE APPLICATION OF JON Z. AND VICTOR Z. FOR THE APPOINTMENT OF A GUARDIAN OF THE PROPERTY AND/OR PERSON OF MARGARET Z., AN ALLEGED INCAPACITATED PERSON. JON Z., PETITIONER-APPELLANT; THERESA M. GIROUARD, ESQ., APPOINTED GUARDIAN FOR MARGARET Z., AN ALLEGED INCAPACITATED PERSON, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






JON Z., PETITIONER-APPELLANT PRO SE.
SCHMITT & LASCURETTES, LLC, UTICA (WILLIAM P. SCHMITT OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered August 6, 2018. The order granted that part of the motion of respondent seeking payment for services rendered, in the amount of $5,552.97. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this guardianship proceeding, petitioner appeals from three orders of Supreme Court. In appeal No. 1, the court granted that part of respondent's motion seeking payment for her services as the guardian of petitioner's incapacitated mother. In appeal No. 2, the court granted that part of respondent's motion seeking payment to a nursing home for services rendered to the mother. In appeal No. 3, the court denied petitioner's motion pursuant to CPLR 5015 (a) (3) to vacate a prior order of the court, which had denied petitioner's prior motion for, among other relief, removal of respondent as guardian.
As an initial matter, we note that our review on these appeals is limited to the record on appeal as settled by the court (see generally Matter of Salder v Wahl, 227 AD2d 995, 995 [4th Dept 1996]). Petitioner's self-titled "Complete Record" is not properly before us (see 22 NYCRR 1250.7 [g] [3]).
With respect to appeal Nos. 1 and 2, we note that petitioner does not specifically challenge the amount requested by respondent for her fees or the amount due to the nursing home. Instead, petitioner contends that neither respondent nor the nursing home should receive the requested amounts because respondent engaged in fraud and was wasting the mother's assets. In his opposition to respondent's motion, however, petitioner offered no evidence of fraud aside from his conclusory statements, which are insufficient to establish either fraud or the unreasonableness of the requested amounts (see generally Matter of Helen [H.]O. v Mark L.O., 281 AD2d 937, 938 [4th Dept 2001], lv denied in part and dismissed in part 98 NY2d 666 [2002]; Matter of Coniglio, 242 AD2d 901, 902 [4th Dept 1997]). Further, the record contains undisputed invoices from the nursing home regarding the services provided to the mother during the relevant time frame. We therefore conclude that the court properly granted that part of respondent's motion seeking payment for those services. Likewise, the court properly granted that part of respondent's motion seeking an award of her fees, which were supported by itemized records (see generally Matter of Goldstein v Zabel, 146 AD3d 624, 630-631 [1st Dept 2017], lv denied 29 NY3d 918 [2017]; Matter of Joshua H. [Grace N.], 80 AD3d 698, 699 [2d Dept [*2]2011], lv denied 16 NY3d 711 [2011]).
With respect to appeal No. 3, we reject petitioner's contention that the court's prior order should be vacated on the ground that it was procured by fraudulent means (see CPLR 5015 [a] [3]) inasmuch as petitioner's broad, unsubstantiated allegations did not entitle him to such relief (see Miller v Lanzisera, 273 AD2d 866, 868 [4th Dept 2000], appeal dismissed 95 NY2d 887 [2000], reconsideration denied 96 NY2d 731 [2001]; see generally Abbott v Crown Mill Restoration Dev., LLC, 109 AD3d 1097, 1100 [4th Dept 2013]).
Petitioner's remaining contentions regarding the sale of certain real property are not properly before us on these appeals (see generally Matter of Bullard v Bullard, 185 AD2d 411, 412 n [3d Dept 1992]; Matter of Bligen v Kelly, 126 AD2d 989, 989 [4th Dept 1987]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court