BRONISLAWA LAKA, as Administratrix of the Estate of FREK LAKA, Respondent, v. JAN KRYSTEK, Appellant.

(Argued January 20, 1933; decided February 28, 1933.)

*Thomas B. Lee* and *Sidney Otis* for appellant. An action may later be prosecuted by husband against wife for contribution, no matter what the outcome of this action, and no subsequent action by plaintiff against wife is threatened or conceivable, no matter what the outcome of this action. Therefore, the wife is not interested in the event. ( *Nearpass* v. *Gilman*, 104 N. Y. 506; *Lecour* v. *Importers & Traders Nat. Bank*, 61 App. Div. 163; *Hoffman* v. *Union Dime Sav. Bank*, 95 App. Div. 329; *Glennan* v. *Rochester Trust & Safe Dep. Co.*, 152 App. Div. 316; 209 N. Y. 12; *Podmore* v. *Seaman's Bank*,

35 Misc. Rep. 379; *Putnam* v. *Lincoln Safe Dep. Co.*, 87 App. Div. 13; *Payne* v. *Kerr*, 21 N. Y. Supp. 880; *West End Brewing Co.* v. *Utica Trust & Deposit Co.*, 175 App. Div. 477; *Kitchen & Co.* v. *Taylor*, 14 N. Y. St. Repr. 398.) Neither the judgment nor the record will be evidence for or against the wife and the witness in a later action. (*Wallace* v. *Straus*, 113 N. Y. 238; *Nearpass* v. *Gilman*, 104 N. Y. 506; *Franklin* v. *Kidd*, 219 N. Y. 409; *West End Brewing Co.* v. *Utica Trust & Deposit Co.*, 175 App. Div. 477; *Van Nuys* v. *Terhune*, 3 Johns. 82; *Eisenlord* v. *Clum*, 126 N. Y. 552; *Hobart* v. *Hobart*, 62 N. Y. 80; *Connelly* v. *O'Connor*, 117 N. Y. 91.)

*Thurman W. Stoner* and *Angelo F. Scalzo* for respondent. A witness is disqualified when he is interested in the event as differentiated from an interest in the question. (Civ. Pr. Act, § 347; *Eisenlord* v. *Clum*, 126 N. Y. 552; *Croker* v. *New York Trust Co.*, 245 N. Y. 17; *Scheu* v. *Blum*, 136 App. Div. 592.) A common-law action may be prosecuted by the plaintiff against the wife of the defendant for money had and received. (*Miller* v. *Schloss*, 218 N. Y. 400; *Roberts* v. *Ely*, 113 N. Y. 128; *Dwelle-Kaiser Co.* v. *Ætna Casualty & Ins. Co.*, 211 App. Div. 369; *New York Trust Co.* v. *Gleason*, 77 N. Y. 400; *Commercial Nat. Bank* v. *Sloman*, 194 N. Y. 506; *Town of Bleecker* v. *Balye*, 138 App. Div. 706; *La Forge* v. *Cornell*, 127 N. Y. Supp. 453.) The wife of the defendant is interested in the event. (*Croker* v. *New York Trust Co.*, 245 N. Y. 17; *Franklin* v. *Kidd*, 219 N. Y. 409; *Albany County Sav. Bank* v. *McCarty*, 149 N. Y. 71.)

CRANE, J. This action on a promissory note, brought in the City Court of Niagara Falls, resulted in a judgment for the plaintiff in the sum of $500 which, on appeal, was reversed by the County Court, and the complaint dismissed. On appeal to the Appellate Division that court reversed the County Court and reinstated the judgment for the plaintiff while we, in turn, reviewing this case by

permission of the Appellate Division, are about to reverse and reinstate the judgment for the defendant. With these vicissitudes it is apparent that a question is involved of more or less difficulty, and about which there may be a substantial difference of opinion. Whether the wife may testify in favor of her husband about the payment of a note made by him, when she may be interested in the result, is the question which has puzzled the courts. A statement of facts is necessary to appreciate the perplexities.

Jan Krystek, on December 8, 1925, made his promissory note, payable on demand to the order of Frek Laka, for $500, at the Falls National Bank, Niagara Falls. The payee having died, his administratrix brought this action to recover the full amount thereof, with interest, as the instrument was found among his possessions at the time of his death. On the trial in the City Court, Julia Krystek, the wife of the defendant, testified as to payment, and related the circumstances, which the city judge subsequently considered disqualified her, and in consequence of which he struck her testimony out and gave judgment for the plaintiff. The substance of her testimony was that she and her husband owned some lots on which there was a balance due. They borrowed the $500 from Frek Laka to make this payment. The money was given into the hands of the wife, as she always handled the money, but Frek Laka looked to the husband as the debtor for payment. It was his debt, for the wife says that when the note for the money was signed Laka said, " It was sufficient to have the husband's signature without mine." Mrs. Krystek's testimony regarding payment impressed the trial court so favorably that the judge said in his opinion, had her evidence been competent, he would have given judgment for the defendant. Thus we see the importance of determining the competency of this witness.

The Civil Practice Act, section 347, says, that upon the trial of an action, a person interested in the event shall not be examined as a witness in his own behalf against the administrator of a deceased person. The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or, that the record will be legal evidence for or against him in some other action. It must be a present, certain and vested interest and not an interest uncertain, remote or contingent. (*Hobart* v. *Hobart*, 62 N. Y. 80, 84.) In that case an action was brought by an heir at law of a deceased grantor to set aside deeds because of incompetency and for fraud and undue influence. Other heirs, not parties to the action, were called to testify as to the grantor's mental condition, and although they, too, had received deeds not the subject of the litigation, the court held that they were not disqualified. " The most that can be claimed is, that these persons were *interested* in the question involved, but such interest is not sufficient to disqualify." This rule was again applied in *Nearpass* v. *Gilman* (104 N. Y. 506, 509), where notes had been made by the defendant through his general agent, Arthur Gilman. Objection was made that the agent could not prove payment, as he was interested in the event, his interest being that, if he failed to establish payment, he would be liable to his principal for misappropriation of funds or for negligence in permitting the creditor to retain the paid securities, and the court said: " Assuming that a possible liability of the witness upon one or the other of these grounds might exist, it is obvious that it would find its origin in facts gaining no effect or potency from the event of the action or the judgment for the plaintiffs in which it might terminate. That judgment could not bind him directly by its own force, nor indirectly as evidence against him. It might prove to be the occasion or cause of a suit against him by his principal, but in defending that suit he would be utterly unaffected

by the judgment against his principal and entirely at liberty to show a payment in fact made by him with his principal's funds and explain the failure to take up the notes and checks. The judgment against his principal would not hamper or affect him in the least." The witness was held to be qualified although he was deeply interested in the result, as, if payment of the notes had been established by his testimony that would end the matter and he could not be sued by his principal for misappropriation or neglect.

*Eisenlord* v. *Clum* (126 N. Y. 552, 558) followed, wherein it was held that a mother was not disqualified from testifying as to the legitimacy of her offspring on the ground that if her testimony established the son as heir at law she would be entitled to dower in the estate. This court then said (year 1891): "All legislation on the subject has been in favor of greater liberality in the rules relating to the competency of witnesses." And the same was held as to a husband, whose right to curtesy might result from his testimony in *Albany County Sav. Bank* v. *McCarty* (149 N. Y. 71, 84), wherein the rule was again stated in brief as follows: "An interest in the question is not enough to disqualify, as that is not an interest in the event. Unless the witness will gain or lose by the event, either directly, as in money, or indirectly, because the record could be used as evidence for or against him, he is not disqualified."

And finally, in *Franklin* v. *Kidd* (219 N. Y. 409, 412), it was held that the gain or loss must result to the witness from the judgment in its direct or immediate operation: "One is not 'a person interested in the event' under section 829 of the Code merely because the outcome may save him the trouble of another lawsuit. * * * To make out an interest in the event, the judgment must not merely leave open the possibility of another action. It must be evidence in the other action, and evidence adverse to the witness." (See, also, *Wallace* v. *Straus*, 113 N. Y. 238, 242.)

Let us apply these rules to Mrs. Krystek's situation. In the first place, the promisee looked to the husband for payment even though the wife was interested in the loan and had a half interest in the property. A creditor can choose his debtor, and, in this instance, Laka chose the husband. He took his note for the loan and told the wife that the husband's signature was sufficient without her assuming any obligation. The chances, therefore, of Laka or his administratrix suing the wife for this loan are indeed remote, if not impossible. Even if we consider the original transaction as binding both the husband and the wife to repay the loan, the giving of the note under the circumstances stated might materially affect the wife's liability. In Massachusetts there would be the presumption of release or payment by her. (*Thacher* v. *Dinsmore,* 5 Mass. 299.) And in *Wright* v. *First Crockery Ware Co.* (1 N. H. 281) it was said to be even at that early day well settled that if a creditor agrees to accept a promissory note of his debtor or a third person in satisfaction of a simple contract debt, the debt is extinguished. Mrs. Krystek's liability to Laka or his estate for the amount of the loan, or her share of it, is such an improbable possibility, in view of the circumstances, that she was not disqualified for this reason.

The judgment recovered against the husband, on the other hand, would not be binding upon her. As between Laka's estate and the husband, the judgment would determine that the note had not been paid. But this judgment would not be evidence of the fact as against her. We have seen by what I have said above that Laka's estate, in all likelihood, had no claim against her upon the debt. The husband, if he pays the note or the judgment recovered against him on the note, may have a claim against his wife to recover her half of the amount. He may bring action against her to recover her share of the debt. Naturally if the wife by her

testimony can establish that the note, or the debt, has been paid by her, the husband will make no claim and can bring no suit. The debt will have been wiped out. To this extent the wife is interested in establishing that the note has been paid, and this interest may be considered as affecting her *credibility* as a witness. Under the authorities above cited, it does not establish her *disqualification* as a witness so as to prevent her from testifying. The judgment against her husband is not evidence in any litigation between him and her that the note has not been paid. She may still prove by her testimony or by other evidence not introduced in the payee's action that payment had been made. The judgment, therefore, against the husband does not affect her legal rights. A judgment in his favor would. But this contingency or possibility of being sued by the husband for her share of the amount of the note, if payment be not established, is not such an interest in the event as disqualifies her from testifying.

To repeat, the judgment against him is not binding upon her. She still has all the defenses and rights which she ever had to meet his claim for her share of the debt. A judgment in his favor establishing payment is naturally a matter of interest to her, but does not create such an interest in the event as precludes her as a witness merely because it removes the likelihood or possibility of his bringing any action.

We have assumed in the opinion thus far, by way of argument only, that the wife, by her testimony, had expressed some obligation to her husband to pay off the debt. We by no means intimate that the evidence proves this fact or even tends to prove it. Although Mrs. Krystek might have been willing to sign the note — and the $500 was used in paying for property taken in the name of both husband and wife — it by no means follows that these facts establish any debt or obligation upon her part to repay to the husband half the amount.

It may be that the husband assumed, and intended to assume, the sole obligation to repay the loan, and intended that title taken in the name of his wife, or in their joint names, should create no legal debt upon her part to pay the promised consideration. As with Laka, so with the husband, the possibility of the husband pressing a claim against his wife for her share of the judgment or the note is, in view of the facts and circumstances of this case, very uncertain, remote and contingent. This is another reason for permitting her to testify.

For these reasons the judgment of the Appellate Division should be reversed, and that of the County Court affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., concurs on first ground stated in opinion; CROUCH, J., not sitting.

Judgment accordingly.