Hope Herrmann, Respondent, v. Kathryne Jorgenson et al., Appellants, and Barbara Jorgenson, Respondent.

(Argued January 10, 1934; decided February 27, 1934.)

*Sherman Baldwin* and *Ernest D. North* for appellants. The trial court should have held as a matter of law that the deed was delivered. (*Wallace* v. *Berdell,* 97 N. Y. 13; *Hutchins* v. *Hutchins,* 98 N. Y. 56; *Lawton* v. *Sager,* 11 Barb. 349; *Worrall* v. *Munn,* 5 N. Y. 229; *Braman* v. *Bingham,* 26 N. Y. 483; *People* v. *Bostwick,* 32 N. Y. 445; *Diefendorf* v. *Diefendorf,* 56 Hun, 639; 132 N. Y. 100; *Hamlin* v. *Hamlin,* 192 N. Y. 164; *Blewitt* v. *Boorum,* 142 N. Y. 357; *Williams* v. *Williams,* 142 N. Y. 156; *Burden* v. *Burden,* 10 App. Div. 340; *Moore* v. *Winans,* 23 App. Div. 308; 160 N. Y. 703; *Stiebel* v. *Grosberg,* 202 N. Y. 266.) The exclusion of the testimony of the respective husbands of defendants-appellants as to statements of the deceased constitutes reversible error. (*Albany County Sav. Bank* v. *McCarty,* 149 N. Y. 71; *Matter of Clark,* 40 Hun, 233; *Cooper* v. *Monroe,* 77 Hun, 1; *Humphrey* v. *Sweeting,* 92 Hun, 447; *Spindler* v. *Gibson,* 75 App. Div. 444; *Hungerford* v. *Snow,* 129 App. Div. 816; *Whitman* v. *Foley,* 125 N. Y. 651; *Laka* v. *Krystek,* 261 N. Y. 126.)

*Thomas L. Zimmerman, Jr.,* and *Frank H. Crabtree* for plaintiff-respondent. The trial court properly found that there was no delivery of the deed. (*Saltzsieder* v. *Saltzsider,* 219 N. Y. 523; *Ten Eyck* v. *Whitbeck,* 156 N. Y. 341; *Gridley* v. *Home Ins. Co.,* 226 App. Div. 596;

254 N. Y. 635; *Burnham* v. *Burnham,* 58 Misc. Rep. 385; 132 App. Div. 937; 199 N. Y. 592; *Rochester Sav. Bank* v. *Bailey,* 34 Misc. Rep. 247; 70 App. Div. 622; *Young* v. *Young,* 80 N. Y. 422; *Matter of Van Alstyne,* 207 N. Y. 298; *Vincent* v. *Rix,* 248 N. Y. 76; *Vincent* v. *Putnam,* 248 N. Y. 76; *Newcomb* v. *Lush,* 84 Hun, 254; 155 N. Y. 687.) The conversations claimed to have been had with the decedent by the respective husbands of defendants-appellants were properly excluded but their admission could not have affected the result. (*Hines* v. *Hines,* 199 App. Div. 688; *Matter of Eno,* 196 App. Div. 131; *Matter of Lottman,* 261 N. Y. Supp. 400; *Ward* v. *N. Y. Life Ins. Co.,* 225 N. Y. 314; *Hamlin* v. *Stevens,* 177 N. Y. 39.)

*Ralph O. L. Fay* and *Philip J. Dunn* for defendant-respondent. There was no delivery to the alleged grantees of the deed. (*Matter of Van Alstyne,* 207 N. Y. 298; *Beaver* v. *Beaver,* 117 N. Y. 421; *Saltzseider* v. *Saltzseider,* 219 N. Y. 523; *Ten Eyck* v. *Whitbeck,* 156 N. Y. 341; *Coventry* v. *McCreery,* 144 App. Div. 68; *Vincent* v. *Rix,* 248 N. Y. 76; *Farmers L. & T. Co.* v. *Winthrop,* 238 N. Y. 477; *Cussack* v. *Tweedy,* 126 N. Y. 81.) The exclusion of testimony of the husbands of the appellants of admissions by the deceased was not reversible error. (*Ward* v. *New York Life Ins. Co.,* 225 N. Y. 314; *Hamlin* v. *Stevens,* 177 N. Y. 39; *Farmers Loan & Trust Co.* v. *Winthrop,* 238 N. Y. 477.)

CRANE, J. The judgment appealed from, entered in this case on the 28th day of November, 1932, declared a deed dated May 26, 1916, made by the late Frederick F. Brueck to the defendants Kathryne Brueck and Chrystine H. Brueck, now Kathryne Jorgenson and Chrystine H. Bender, invalid and insufficient to transfer to them the property described therein. The facts are not disputed and can as well be taken from the briefs of counsel as from the findings of the court. On this appeal from the unanimous affirmance by the Appellate Division we must

determine whether these facts sustain the conclusion embodied in the judgment as well as pass upon an important ruling of law.

On May 26, 1916, Frederick F. Brueck owned an undivided one-half interest in premises at Forty-eighth street and Seventh avenue, New York city. On that date he executed and duly acknowledged two deeds, each in terms conveying an undivided one-quarter interest in the premises. One of these deeds conveyed a quarter interest to his wife, Sarah M. Brueck, which need not be mentioned again. The other deed conveyed, in consideration of natural love and affection, and for the sum of one dollar, an undivided one-quarter interest in the premises to the grantor's sisters, then Kathryne Brueck and Chrystine H. Brueck. They are the defendants in this action.

On the next day, May 27th, a petition in bankruptcy was filed by Brueck & Wilson Co., the corporation through which Mr. Brueck was operating and of which he was an officer. While we do not see the materiality of this fact, we mention it as the trial justice stated that " the only inference that can be deduced by the execution of the deed a day prior to the filing of the petition in bankruptcy against the company is that the deceased was either advised or himself believed that it was essential in order to protect the interest which he had in the real estate, but just what his reason was is not disclosed, and as he died without stating it, his reason can only be inferred from the facts established in the case." Assuming this purpose to be the true one, in order that the respondent may have the benefit of every fact as well as every inference, we pass on to the other matters.

The deed in question was retained by Frederick F. Brueck, the grantor, from the date of its execution until September 15, 1919, when it was given by him to one of the grantees, his sister Chrystine H. Brueck, now Mrs. Bender. She testified on the trial, without objection,

that she had received the deed the day before she took out her safe deposit box for the purpose of putting the deed in it. She had seen the deed the night previous at Mr. Brueck's home. The trial justice found as a fact that the deed was given by Frederick F. Brueck to Chrystine H. Brueck on the 15th day of September, 1919; that it had been retained up until then by the grantor from the date of its execution. The deed remained in Miss Brueck's safe deposit box at the Garfield Safe Deposit Company from September 16, 1919, until March 16, 1920, on which date Chrystine Brueck gave the grantor access thereto. Thereafter the deed was placed in other safe deposit boxes to which Frederick Brueck and his sisters had access.

Mr. Frederick F. Brueck died March 19, 1930, and the day after the deed in question was placed on record. Up to the date of his death Mr. Brueck collected the rents and was charged with his *pro rata* share of the expenses of maintaining the property. He executed a lease and entered into an agreement extending a mortgage on the property in both of which he referred to himself as the owner of the premises. There is no doubt that he received the benefits, whatever they were, from this property during his lifetime. That he waited three years before delivering the deed to his sister indicates that the transfer could not have been made in view of the bankruptcy of his corporation in 1916. Irrespective of the operation of law, this act would seem to evidence an intention to transfer the property to his sisters at the time of delivery or, perhaps, an intent to secure the passing of title at the time of his death.

As there is no claim of fraud or the breach of any trust, we find the law to be that the delivery of this duly executed deed to Miss Brueck on the 15th of September, 1919, passed title, and that she and her sister thereupon became the owners of the one-quarter interest of the property conveyed thereby. Accordingly, Frederick Brueck, the

grantor, if he were alive, would not be permitted to explain the purpose of the delivery, or that the deed was not intended to be delivered, or that it was a conditional delivery, or on an oral agreement or arrangement whereby title was not to vest until the death of the grantor. The plaintiff as devisee stands in the same position.

In *Hamlin* v. *Hamlin* (192 N. Y. 164, 168) we find the facts somewhat similar to those of the present case. There the plaintiff sought to have canceled certain deeds executed by her to her husband. She claimed that the deeds had never been delivered with the intention of passing title until the full value of the property was paid to her. She had executed two deeds by which she conveyed both parcels to him, and at the time of his death they were found in his safe deposit box although unrecorded. The contention upon the trial was that the delivery of the deeds was for temporary purposes or conditional and was not to operate to divest her of ownership. This court said: "If we should give full effect to the plaintiff's claim, it would be to hold the delivery by her of the deeds to have been conditional and not absolute; but that would be violative of the settled rule in this state that a delivery cannot be made to the grantee conditionally. Any oral condition accompanying the delivery, in such case, would be repugnant to the terms of the deed and parol evidence to prove that there was such a condition attached to the delivery is inadmissible. * * * It was not a case where the deeds were not to pass out of the possession of the grantor, until certain conditions were fulfilled. These deeds had passed out of the plaintiff's possession and into that of the grantee, by the deliberate act of the former, and no oral condition, at the time, will be admitted to contradict the import of the written instruments."

These words might just as well have been written for this case. The grantor executed a deed to his sisters. After keeping it in his possession for three years he

deliberately delivered it to one of them who kept it in her sole possession for six months. It had not left her possession up to the time of the grantor's death. For other cases sustaining this law, see *Saltzsieder* v. *Saltzsieder* (219 N. Y. 523); *Ten Eyck* v. *Whitbeck* (156 N. Y. 341); *Blewitt* v. *Boorum* (142 N. Y. 357); *Williams* v. *Williams* (142 N. Y. 156); *Hutchins* v. *Hutchins* (98 N. Y. 56); *Wallace* v. *Berdell* (97 N. Y. 13); *Braman* v. *Bingham* (26 N. Y. 483); *Worrall* v. *Munn* (5 N. Y. 229).

In *Ten Eyck* v. *Whitbeck* (*supra*) the question of delivery was uncertain and the evidence contradictory. Therefore, the passing of the deed itself to the grantee and its acceptance by him became a question of fact. In this case before us there is no conflicting evidence and no question of fact to be settled. Delivery, in so far as the paper deed passed from Frederick Brueck to his sister, is conceded. She accepted it and placed it in her safe deposit box, where it remained for six months. This is the delivery of a deed recognized by law and which cannot be explained away by evidence that it was a conditional delivery or that title was not intended to pass or that the grantor was to have a life interest in it. The effect of the delivery is not changed by the grantor's subsequent access to the deed or even his repossession of it. Title once having passed, it cannot be reconveyed except by deed or the judgment of the court. A deed once delivered and accepted, its redelivery by the grantee will not revest the legal title in the grantor. (*People* v. *Bostwick*, 32 N. Y. 445.) If there had been any question regarding the delivery of the deed, then the evidence showing the grantor's control of the property and the receipt of its benefits up to the time of his death would have been material evidence to prove no delivery. However, as title had passed by delivery in this case, the receipt of the rents and the claim to ownership probably were due to some arrangement made with his sisters or by reason of their kindness and generosity, all of which

could have no force in law for undoing what had been done. Whatever agreement he may have had with his sisters — perhaps that he should have the life interest and that they should receive the property at his death — could not be shown by parol evidence to change the effect of his deed. There is no such parol evidence in this case, much less can it be inferred. The delivery of the deed and the acceptance by the sisters passed title to them. The contrary conclusion reached by the trial justice on these facts cannot be sustained.

If there had been a breach of a trust arising out of a confidential relationship or in any other way parol evidence would have been competent to prove the situation. This case, however, was brought and tried by the devisee of the real estate under Mr. Brueck's will on the theory that title had never passed from him because there had been no delivery which in law was sufficient to pass title. Had the action been brought to establish that the sisters held this property upon some orally declared trust we would not be confronted with the point we are deciding. The Statute of Frauds, requiring a writing to transfer an interest in lands, does not obstruct the recognition of a constructive trust affecting an interest in land where a confidential relation would be abused if there were repudiation without redress of a trust orally disclosed. (*Foreman* v. *Foreman*, 251 N. Y. 237.) Continued and unchanged possession and control over the property would be some evidence of such a trust. Beyond this, however, there is no testimony showing the nature of any trust or its extent and purpose.

There is one ruling on the evidence which requires consideration. Mr. Jorgenson and Mr. Bender were called as witnesses to the statements made to them by Mr. Brueck regarding the delivery of this deed and the ownership of the property in his sisters. Although their testimony was excluded, we have an offer of proof which shows that their evidence would have been material and

pertinent. These gentlemen were the husbands respectively of the two sister grantees. The exclusion of the testimony was on the ground that since the Decedent Estate Law (Cons. Laws, ch. 13) had wiped out curtesy and in its place had given the husband one-half or one-third, as the case might be, of the wife's estate of which she died seized or possessed, the husband had become a party or person in interest under section 347 of the Civil Practice Act. Prior to 1930 the rule was established that a curtesy interest as distinguished from an inchoate right of dower was not a sufficient interest to render a husband disqualified within this section. (*Albany County Sav. Bank* v. *McCarty*, 149 N. Y. 71; *Laka* v. *Krystek*, 261 N. Y. 126.) That the courts are not inclined to extend the disqualifying provisions is evidenced by the previous decisions of this court. (*Hobart* v. *Hobart*, 62 N. Y. 80, 84; *Nearpass* v. *Gilman*, 104 N. Y. 506; *Eisenlord* v. *Clum*, 126 N. Y. 552; *Albany County Sav. Bank* v. *McCarty*, *supra*; *Laka* v. *Krystek*, *supra*.)

The husband has no immediate interest in his wife's property. She may, as heretofore, convey it without his consent or signature to the deed. The only interest given him by the change of section 18 and section 83 of the Decedent Estate Law is that if she make a will he may take the interest which he would have on intestacy. If she die intestate, section 83 gives him one-third or one-half of her property, dependent upon offspring. Of course the husband will always be interested more or less in the result of his wife's litigation and the result may or may not ultimately be of benefit to him. These are matters which may touch his credibility as a witness for her. But he has no immediate interest in her property and his interest in the event, considering her power of disposition, is so remote and contingent as not to disqualify him under our law.

What we have here said regarding the qualification of a husband to testify applies equally to the wife. Since

the abolition of dower they are now on an equality as witnesses.

For the reasons here stated the judgments below should be reversed and the complaint dismissed, with costs in all courts.

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Judgments reversed, etc.