■ PATRICIA M. MCLOUGHLIN, Respondent, v DENNIS J. MCLOUGHLIN, JR., Appellant, et al., Defendants. [654 NYS2d 407]

—In an action, *inter alia,* for a judgment declaring that the plaintiff is a tenant in common of an undivided one-half interest to certain real property, the defendant Dennis J. McLoughlin, Jr., appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered October 10, 1996, which, *inter alia,* made the declaration.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring that Dennis J. McLoughlin, Jr., is the sole owner of the subject property.

The plaintiff and the defendant Dennis J. McLoughlin, Jr. (hereinafter the appellant), executed a contract in January 1980, whereby the plaintiff agreed to convey her interest in the subject real property for the sum of $3,800. Pursuant to the terms of the contract, a quitclaim deed was executed by the plaintiff and delivered to the appellant's attorney to be held in escrow until the full consideration was paid to plaintiff.

In 1989 the plaintiff commenced this action seeking, *inter alia,* a judgment declaring that she was "seized and possessed" as tenant in common of an undivided one-half interest in the property. The appellant counterclaimed alleging that he was the sole owner of the property pursuant to the contract.

"It is well established that transfer of title is accomplished only by the delivery and acceptance of an executed deed" (*ERHAL Holding Corp. v Rusin,* 229 AD2d 417, 419, citing Real Property Law § 244; *Manhattan Life Ins. Co. v Continental Ins. Cos.,* 33 NY2d 370; *see also, Ten Eyck v Whitbeck,* 156 NY 341; *D'Urso v Scuotto,* 111 AD2d 305). Although a deed held in escrow constitutes a conditional delivery, the transfer takes effect when the condition is fulfilled (*see, Tooker v Siegel-Cooper Co.,* 194 NY 442).

In the case at bar, the plaintiff concedes that she received the entire consideration from the appellant. Therefore, she is no longer seized of any interest in the property and the appellant is entitled to a declaration that he is the sole owner. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.