■ Thomas F. Healy et al., Respondents, v ARP Cable, Inc., Formerly Known as Group W. Cable, Inc., Formerly Known as Teleprompter Corporation, Appellant. (And a Third-Party Action.) [687 NYS2d 101] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about January 27, 1998, which, in an action to recover for personal injuries allegedly caused by defendant's negligence in maintaining its premises in safe condition, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

An issue of fact exists as to defendant's ownership of the premises, raised by, inter alia, the very quitclaim deed on which it relies, which is dated prior to the accident but was not recorded until more than a year after, and by the absence of any evidence as to when such deed was delivered. An undelivered deed does not transfer ownership (Manhattan Life Ins. Co. v Continental Ins. Cos., 33 NY2d 370, 372), and since the deed was recorded after the accident, and is hardly an ancient document, having been executed in October 1992, some five months before the accident, defendant should not benefit from the presumption that it was delivered at the time of its execution (see, supra). An issue of fact also exists as to defendant's

control of the premises at the time of the accident, there being no lease or other evidence sufficient to show that defendant was not in control. Defendant's principal's averments of non-ownership and lack of control are deficient as to documentary support and otherwise fail to dispel these issues of fact (*see, Reohr v Golub Corp.*, 242 AD2d 850). Concur—Ellerin, P. J., Lerner, Andrias and Saxe, JJ.