■ In the Matter of the Estate of MILDRED J. CAHILL, Deceased. JANET R. CAHILL, Appellant; AUSTIN M. CAHILL, Respondent. [694 NYS2d 153] —In a proceeding pursuant to EPTL 5-1.1-A for a determination, *inter alia,* that the respondent's elective share has already been satisfied, the petitioner appeals, as limited by her brief, from stated portions of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated March 25, 1998, which, *inter alia,* (1) denied those branches of her motion which were for summary judgment declaring that real property located at 55 Sagamore Drive, Syosset, New York, is a testamentary substitute, and for sanctions, and (2), upon searching the record, determined that the real property located at 55 Sagamore Drive, Syosset, New York, is not a testamentary substitute for purposes of calculating the respondent's elective share and granted summary judgment to the respondent on that issue.

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the petitioner's motion which was for summary judgment declaring that the real property located at 55 Sagamore Drive, Syosset, New York, is a testamentary substitute and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof granting summary judgment to the respondent; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The decedent died on March 6, 1996, survived by her husband, the respondent, who was the executor of her estate, and six children. The estate was bequeathed to the respondent.

After the respondent discovered that the decedent had established several trusts for the benefit of their children and for him, he filed a Notice of Election pursuant to EPTL 5-1.1-A. The petitioner, one of the six children, commenced this proceeding challenging the respondent's calculation of his elective share because, *inter alia*, he had failed to include in the accounting the marital residence owned by him and the decedent as tenants by the entirety.

EPTL 5-1.1-A provides in relevant part that a decedent's net estate, for purposes of calculating the surviving spouse's elective share, shall include the capital value of any inter vivos dispositions which constitute testamentary substitutes (*see,* EPTL 5-1.1-A [a] [1]; [b]). EPTL 5-1.1-A (b) (1) (E) provides, *inter alia*, that any property which, at the time of the decedent's death, is held by the decedent and another person as tenants by the entirety where the disposition was made after August 31, 1966, must be included in the estate as a testamentary substitute.

The respondent and the decedent entered into a contract for the purchase of the marital residence in March 1966, at which time they gave the owner of the property the first of several installment payments. The sales contract indicated that conveyance of title would be accomplished at a later date, upon the condition, *inter alia*, that the purchasers obtained a mortgage loan. Although the respondent and the decedent successfully obtained financing, renovations on the residence were not completed as quickly as planned, and the contractor did not obtain a certificate of occupancy until well after the anticipated closing date of September 1, 1966. The closing occurred on November 17, 1966, at which time the title to the property was conveyed, as reflected by the deed transferring title to the respondent and decedent as tenants by the entirety.

Since a transfer of title is accomplished only by the delivery and acceptance of an executed deed (*see,* Real Property Law § 244; *Manhattan Life Ins. Co. v Continental Ins. Cos.,* 33 NY2d 370; *see also, McLoughlin v McLoughlin,* 237 AD2d 336), and title to the marital residence was not conveyed until after August 31, 1966, the marital residence must be considered a testamentary substitute and should have been included in the decedent's net estate for purposes of calculating the respondent's elective share.

The petitioner has not established her entitlement to summary judgment as a matter of law with respect to the remaining branches of her motion. Furthermore, the Surrogate properly concluded that the imposition of sanctions at this

time is inappropriate. O'Brien, J. P., Goldstein, Luciano and Schmidt, JJ., concur. [*See,* 175 Misc 2d 702.]