■ MARLANX CORP., Respondent, v JOHN LAGE et al., Appellants. [764 NYS2d 6] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered January 8, 2002, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint and for judgment on their counterclaims, unanimously reversed, on the law, with costs, the motion granted, the complaint dismissed, and summary judgment granted on defendants' third counterclaim. The Clerk is directed to enter judgment accordingly.

Plaintiff Marlanx Corp. (Marlanx) owns a lot at 1779 Webster Avenue in the Bronx (the lot). Defendants John Lage and Albino Coelho own a larger adjoining lot at 1781 Webster, occupied by a car wash (the adjoining lot). Nonparty Larry Adler is Marlanx's sole shareholder, officer and director. Although Adler initially owned 1779 Webster, he subsequently conveyed the property to Marlanx. Marlanx was dissolved by proclamation in 1992 for tax delinquency and reactivated in late 1999.

Defendants decided to improve their adjoining lot. Their architect filed a permit/work approval application and plans to demolish the existing car wash and reconstruct it. These plans provided for defendants' new wall to end two feet from the wall of plaintiff's building. The parties feared the resulting alley (the strip) could end up as a "garbage dump." Therefore, Adler and defendants agreed that Adler would convey the strip to them, and they would extend their rebuilt car wash facility flush against Marlanx's building. In return, defendants agreed to pay for, inter alia, certain repairs to plaintiff's foundation and to ensure that there would be no zoning violation resulting from the new construction.

Adler delivered a quitclaim and a bargain and sale deed dated May 2, 1997 and May 27, 1997, respectively, by which Adler, believing himself to be the property owner as the corporation had been dissolved, conveyed the strip to defendants. However, a title search revealed that title was held by Marlanx, not Adler. In October 1997, defendants recorded the bargain and sale deed, and their architect filed an amendment to permit/work approval application to reflect the conveyance of the strip and the extension of defendant's structure to Marlanx's building. The conveyance of the strip also created a zoning violation, easily resolved by combining the lot and the adjoining lot into one zoning lot.

Notwithstanding the zoning problem, in December 1997, the

New York City Buildings Department approved the amendment and issued a temporary certificate of occupancy for the finished renovation, which has been extended several times. In June 1998, six months after the temporary certificate of occupancy was issued, plaintiff's attorney requested that defendants not record the deed until the problems between the parties were resolved, which included the cost of reinstating Marlanx so it could execute a proper deed. Both sides refused to pay. In addition, Adler refused to sign the documents necessary to correct the zoning violation.

In November 1998, although still dissolved, Marlanx commenced the instant action.[1] Specifically, Marlanx, alleging a zoning violation, sought the removal of defendants' structure from the strip. In addition, Marlanx sued for breach of contract and fraud.[2] Defendants counterclaimed for, inter alia, specific performance directing that Marlanx execute the documents necessary for them to obtain a final certificate of occupancy.[3]

Defendants moved for summary judgment dismissing the complaint and for summary judgment on their counterclaim for, inter alia, specific performance. Finding an issue of fact "whether Defendants were instructed not to file the deed pending a resolution of various issues," the motion court denied their motion. We reverse.

Marlanx failed to raise a triable issue of fact that it did not convey the strip to defendants. It is undisputed that Adler was the sole shareholder, officer and director of Marlanx. Therefore, Adler is estopped from challenging the conveyance (*see Tefft v Munson,* 57 NY 97 [1874]; *Rafter v Richard K. Fox Publ. Co.,* 206 App Div 389 [1923], *affd* 238 NY 567 [1924]).

Marlanx also failed to raise a triable issue of fact regarding delivery of the deed. As to the rights between grantor and grantee, transfer of title is effected by delivery and acceptance of an executed deed. Therefore, even if plaintiff's counsel instructed defendants not to file a deed, the title is nevertheless conveyed (*see Herrmann v Jorgenson,* 263 NY 348, 352-353 [1934]; *see also Sofsky v Rosenberg,* 76 NY2d 927 [1990];

---

1. Marlanx subsequently paid the required fees to annul the dissolution.

2. In May 2001, Marlanx commenced a CPLR article 78 proceeding to (1) compel the New York City Buildings Department to allow withdrawal of defendants' application, (2) amend the survey filed with that application to reflect that Marlanx was the sole owner of the strip, and (3) prohibit the Buildings Department from granting defendants any further temporary certificates of occupancy. The petition was dismissed without prejudice for failure to exhaust administrative remedies.

3. On appeal, defendants have abandoned their additional counterclaims for breach of contract and for costs, disbursements and allowances.

*McLoughlin v McLoughlin,* 237 AD2d 336 [1997]; *cf. Healy v ARP Cable,* 259 AD2d 380 [1999]).

Marlanx raises a feigned issue of fact regarding the fraud and breach of contract causes of action. Plaintiff cannot sue for either based on the alleged representation, made after the initial agreement, that defendants would pay for the costs of corporate reinstatement. Assuming for purposes of this motion that plaintiff's claim is true, a subsequent oral representation constitutes neither consideration nor a basis for inducing reliance (*see Swensen v Da Cruze,* 279 App Div 611 [1951]; *Strauss v Abraham Levitt & Sons,* 244 App Div 739 [1935]).

Defendants are entitled to specific performance and a declaration that they are the owners of the strip. The record reflects the objective manifestations of the parties' intention that, regardless of who held title, Marlanx and Adler intended that the strip be conveyed to defendants. In addition, Marlanx failed to raise a triable issue of fact that defendants did not substantially perform under the terms of the agreement. Finally, defendants have no adequate remedy at law (*see Piga v Rubin,* 300 AD2d 68 [2002], *lv denied* 99 NY2d 646 [2003]). Concur—Tom, J.P., Andrias, Sullivan, Friedman and Marlow, JJ.