■ MICHELLE SCARTOZZI, Appellant, v GINO SCARTOZZI, Respondent. [856 NYS2d 154]—

In a matrimonial action in which the parties were divorced by judgment dated April 2, 2004, the plaintiff appeals from an order of the Supreme Court, Nassau County (Ross, J.), entered March 27, 2007, which denied her motion to compel the defendant to execute and transfer to her a deed and related documents, to be held in escrow pending the refinancing and satisfaction of a mortgage now encumbering the former marital property.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion to compel the defendant to execute and transfer to her the deed

and related documents, to be held in escrow pending the refinancing and satisfaction of the mortgage now encumbering the former marital property, is granted; and it is further,

Ordered that in the event that the parties cannot agree on an escrow agent to hold the defendant's executed transfer documents pending the refinancing and satisfaction of the mortgage encumbering the former marital property, the plaintiff's counsel shall apply to the Supreme Court for the appointment of an escrow agent within 30 days of the date of this decision and order.

The parties were divorced by judgment dated April 2, 2004. The judgment provided, inter alia, that the "Defendant shall transfer and deliver his interest in the [house] to the Plaintiff when the existing mortgage is fully satisfied by the Plaintiff, all documents of transfer to be prepared by the Plaintiff's attorney." Thus, upon the satisfaction of the mortgage, the defendant was to relinquish any ownership interest he had in the house, leaving the plaintiff as its sole owner.

The plaintiff subsequently sought to refinance the existing mortgage now encumbering the house. It is undisputed that the plaintiff does not have sufficient funds to satisfy the existing mortgage without refinancing the house. It is also undisputed that it is standard practice that where, as here, there is to be a transfer of ownership together with a refinancing of the existing mortgage, the two are to occur at the same place and time, and as part of a single transaction.

Contrary to the defendant's contention, his tendering of the aforementioned documents in escrow, to be delivered to the plaintiff by the escrow agent subsequent to the satisfaction of the existing mortgage, at the same time and place as the mortgage refinancing, would not violate the terms of the judgment of divorce, and would not require its modification. When a deed is delivered to be held in escrow, the actual transfer of the property does not occur until the condition of the escrow is satisfied and the deed is subsequently delivered to the grantee by the escrow agent (*see Caulfield v Improved Risk Muts.*, 66 NY2d 793 [1985]; *McLoughlin v McLoughlin*, 237 AD2d 336 [1997]; *Gridley v Home Ins. Co.*, 226 App Div 596 [1929]).

Under the procedure set forth above, the deed will be delivered to the plaintiff simultaneously with the satisfaction of the currently existing mortgage. Thus, as required by the judgment, title will pass to the plaintiff upon satisfaction of the existing mortgage encumbering the house. Since the judgment can be complied with by the aforementioned procedure, the relief requested by the plaintiff should have been granted.

The defendant's remaining contention is without merit. Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur.