■ TDNI PROPERTIES, LLC, Appellant-Respondent, v SARATOGA GLEN BUILDERS, LLC, et al., Respondents-Appellants. [914 NYS2d 746]—

Stein, J. Cross appeals from an order of the Supreme Court (Nolan, Jr., J.), entered March 31, 2010 in Saratoga County, which granted defendants' motion to dismiss the complaint.

In 1998, plaintiff and defendant Saratoga Glen Builders, LLC entered into a contract for the purchase and sale of real property, the rights of which were subsequently assigned in 2004 to defendant J. Lucarelli Land Development, Inc. As part of the 1998 contract—which included the sale of 40 lots within a larger planned subdivision—plaintiff agreed to give Saratoga Glen the sole option to purchase additional lots in the development that were to be sold in four additional phases. Saratoga Glen made a down payment and executed a purchase money note and mortgage to plaintiff, secured by the first 40 lots. Plaintiff subsequently signed deeds and mortgage release documents for

those lots, which were held in escrow by plaintiff's counsel and released to Saratoga Glen when each lot, improved with a newly built home, was sold to a third party.

Saratoga Glen exercised the option provision in 2001, 2003 and 2004. Under the 2004 contract, which expressly ratified and affirmed the terms of the 1998 contract, Saratoga Glen agreed to purchase the remaining 58 lots. Before this litigation was commenced, 38 of those lots had been sold by Saratoga Glen. In December 2008, plaintiff commenced this action seeking a judgment declaring that it held legal and record title to the remaining unsold lots on the basis that the 1998 and 2004 agreements were void and unenforceable because they violated EPTL 9-1.1, commonly known as the rule against perpetuities. Supreme Court granted defendants' pre-answer motion to dismiss, prompting this appeal by plaintiff.[1]

We reverse. It is undisputed that neither the 1998 nor the 2004 contract provided a specific time limit for defendants' exercise of the options or, once exercised, for conveyance of the lots to third parties. Thus, on their face, the contracts are violative of EPTL 9-1.1. The issue before us is whether, as Supreme Court determined, the provisions of EPTL 9-1.3 (d)—the so-called "saving statute"—apply so as to render the contracts valid and enforceable. We find that Supreme Court's determination in this regard was in error.

Pursuant to EPTL 9-1.3, unless a contrary intention appears, "[w]here the duration or vesting of an estate is contingent upon . . . the occurrence of any specified contingency, it shall be presumed that the creator of such estate intended such contingency to occur, if at all, within twenty-one years from the effective date of the instrument creating such estate" (EPTL 9-1.3 [d]; *see* EPTL 9-1.3 [a]). The statute is not an exception to the rule against perpetuities; it is "merely [a] rule[ ] of construction" (*Symphony Space v Pergola Props.*, 88 NY2d 466, 481 [1996]). Thus "[w]hile the statute obligates reviewing courts, where possible, to avoid constructions that frustrate the parties' intended purposes, it does not authorize courts to rewrite instruments that unequivocally allow interests to vest outside the perpetuities period" (*id.* at 482 [citations omitted]).

---

1. Although defendants have cross-appealed, inasmuch as they were not aggrieved by Supreme Court's order, they have no right to appeal therefrom (*see* CPLR 5511). Nonetheless, to the extent that defendants challenge Supreme Court's determination rejecting their argument that transfer and vesting of title to the real property to defendants had occurred, "the arguments raised in their brief may be considered [by this Court] as alternative grounds for affirmance" (*Matter of Eck v County of Delaware*, 36 AD3d 1180, 1181 n [2007]; *see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-547 [1983]).

We reject defendants' contention here that the construction of a home and sale of each lot to a third party constitutes a "specified contingency" within the purview of EPTL 9-1.3 (*compare Scutti Enters. v Wackerman Guchone Custom Bldrs.*, 153 AD2d 83, 89 [1989], *lv denied* 75 NY2d 709 [1990]). Unlike those events enumerated in the statute or those deemed by the courts to be encompassed therein, the condition for transfer of title of the lots to defendants is not one which is dependent upon the action of an independent entity that would be expected to happen in the near future (*see id.*; Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 9-1.3).

Moreover, pursuant to the parties' agreements, defendants have the ability, unrestricted by any time limitation, to build homes and sell them to third parties, which may or may not occur within 21 years. The absence of any durational limitation for defendants' exercise of the options or the conveyances of the lots, together with the express applicability of the contract to the heirs, successors and assigns of the parties, clearly evinces their intent that those contract provisions would last indefinitely, and the agreement "creates precisely the sort of control over future disposition of . . . property that . . . EPTL 9-1.1 (b) . . . seeks to prevent" (*Symphony Space v Pergola Props.*, 88 NY2d at 479). To the extent that defendants argue that we should presume that the parties must have intended to fulfill the conditions of the contract within 21 years so as to avoid its invalidity, such conclusion "would give an effect to EPTL 9-1.3 that the Legislature could not have intended: the virtual exemption from the reach of the rule against remoteness in vesting . . . of options which contain no limit . . . [unless they specifically provided] that the option [was] intended to be unlimited or to last perpetually" (*Buffalo Seminary v McCarthy*, 86 AD2d 435, 446 [1982], *affd* 58 NY2d 867 [1983]). Thus, defendants failed to establish a defense to the complaint based upon EPTL 9-1.3 (d) as a matter of law and Supreme Court erred in dismissing plaintiff's complaint on that basis (*see Crepin v Fogarty*, 59 AD3d 837, 838 [2009]).

Nor do we find merit to the alternative ground advanced by defendants in support of affirmance—that the express language of the 1998 and 2004 contracts and the purchase money mortgage given to plaintiff effectuated a transfer of legal title upon delivery of the deeds and other transfer documents to the escrow agent. The necessary transfer documents were to be released to Saratoga Glen for recording only upon the sale of the individual lots. When the deeds were delivered to the escrow agent, transfer of title did not become effective until the condi-

tions of escrow were satisfied and each deed was physically delivered to Saratoga Glen by the escrow agent (*see Scartozzi v Scartozzi*, 50 AD3d 662, 663 [2008]; *McLoughlin v McLoughlin*, 237 AD2d 336 [1997]). Inasmuch as conditional conveyances are not recognized in this state (*see Herrmann v Jorgenson*, 263 NY 348, 353 [1934]; *Hamlin v Hamlin*, 192 NY 164, 167-168 [1908]; *Goodell v Rosetti*, 52 AD3d 911, 913 [2008]), plaintiff continues to hold title to the lots for which the deeds remain in the possession of the escrow agent.[2]

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, and it is declared that the 1998 and 2004 agreements are null and void and defendants hold no legal or record title to the remaining unsold lots.

---

**2.** As plaintiff concedes, this determination does not preclude defendants from seeking equitable relief to recover any applicable pecuniary losses with respect to such lots.