■ ARACELY T. FLORES CAMAC, Respondent, v 550 REALTY HEIGHTS, LLC, Respondent, and 550 EQUITIES, LLC, Appellant. [14 NYS3d 51]—

In an action to recover damages for personal injuries, the defendant 550 Equities, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered April 28, 2014, as denied its motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant 550 Equities, LLC, for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it is granted.

On May 24, 2012, the plaintiff allegedly was injured when he slipped and fell while descending a flight of stairs between the sixth and fifth floors of a building located at 550 West 158th Street, New York. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the defendant 550 Realty Heights, LLC, and the defendant 550 Equities, LLC (hereinafter the appellant), alleging, inter alia, that they were negligent in their ownership and control of the premises. Subsequently, the appellant moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it on the ground that it did not own the premises at the time of the plaintiff's alleged accident. The appellant argued that, although a pre-closing was held on the date of the alleged accident, May 24, 2012, the deed went into escrow at that time and the appellant did not acquire title to the premises until one day after the accident occurred on May 25, 2012. In the order appealed from, the Supreme Court, inter alia, denied the appellant's motion.

"When a deed is delivered to be held in escrow, the actual transfer of the property does not occur until the condition of the escrow is satisfied and the deed is subsequently delivered to the grantee by the escrow agent" (*Scartozzi v Scartozzi*, 50 AD3d 662, 663 [2008]; *see TDNI Props., LLC v Saratoga Glen Bldrs., LLC*, 80 AD3d 852, 854-855 [2011]; *Goodell v Rosetti*, 52 AD3d 911, 913 [2008]; *McLoughlin v McLoughlin*, 237 AD2d 336, 337 [1997]). Here, the appellant established its prima facie entitlement to judgment as a matter of law by submitting proof that the actual transfer of the property to the appellant did not occur until the conditions of the escrow were satisfied and the deed was thereafter released by the escrow agent on May 25, 2012. As a result, the appellant demonstrated that it did not own or otherwise control the subject property on the date of the plaintiff's alleged accident (*see Alfonso v Pacific Classon Realty, LLC*, 101 AD3d 768, 769 [2012]; *Coyne v Talleyrand Partners, L.P.*, 22 AD3d 627, 629 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.