■ Liu L. Xui, Appellant, v Iron City Props., Inc., et al., Respondents. [16 NYS3d 745]—In an action, inter alia, to recover damages for wrongful eviction, the plaintiff appeals from an order of the Supreme Court, Queens County (Dufficy, J.), entered June 14, 2013, which granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. "When a deed is delivered to be held in escrow, the actual transfer of the property does not occur until the condition of the escrow is satisfied and the deed is subsequently delivered to the grantee by the escrow agent" (*Scartozzi v Scartozzi*, 50 AD3d 662, 663 [2008]; *see Caulfield v Improved Risk Muts.*, 66 NY2d 793 [1985]; *McLoughlin v McLoughlin*, 237 AD2d 336, 337 [1997]). Here, in support of their motion for summary judgment dismissing the complaint, the defendants established their prima facie entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by submitting, inter alia, an escrow agreement, dated May 2, 2007, entered into by the plaintiff and the defendant Iron City Properties, Inc. Pursuant to the agreement, an escrow agent was required to hold the deed to the subject property until the plaintiff paid certain sums due on a purchase-money mortgage. The evidence proffered by the defendants established, prima facie, that the plaintiff failed to satisfy the aforementioned condition of the escrow agreement and, thus, actual transfer of the subject property to the plaintiff never took place. In opposition to the defendants' motion, the plaintiff failed to raise a triable issue of fact.

For the same reasons, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the complaint. Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.