■ ROBERT L. BEIR et al., Respondents, v MANUFACTURERS HANOVER TRUST COMPANY, Appellant.

Punitive or exemplary damages are allowed only "in cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future." (*Walker v Sheldon,* 10 NY2d 401, 404.) In that connection, the record herein does not contain any indication that defendant bank exhibited the high degree of moral turpitude which would justify the imposition of punitive damages. (*Luxonomy Cars v Citibank,* 65 AD2d 549.) Moreover, in the absence of exceptional circumstances not here apparent, a claim for punitive damages does not lie in an action seeking recovery for payment on forged indorsements. (*See, Titan Air Conditioning Corp. v Chase Manhattan Bank,* 61 AD2d 764.) Concur — Sandler, J. P., Sullivan, Bloom and Milonas, JJ.

■ In the Matter of the Arbitration between ESTHER TELESHEVSKY et al., Respondents, and URBAN COMMUNITY INSURANCE COMPANY, Appellant and Third-Party Plaintiff-Appellant. NEW YORK AUTOMOBILE INSURANCE PLAN, Third-Party Defendant-Respondent, et al., Third-Party Defendant.

No opinion. Concur — Carro, J. P., Bloom, Fein, Kassal and Ellerin, JJ.