■ HOWARD EDELSTEIN, Appellant, v DORIS LIEB, Respondent. [612 NYS2d 654] —In an action for, *inter alia,* a judgment declaring the rights of the parties with respect to certain real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Gowan, J.), entered June 14, 1993, which, upon denying his motion for

summary judgment and granting the defendant's cross motion for summary judgment, is in favor of the defendant and against him.

Ordered that the order and judgment is reversed on the law, with costs, the plaintiff's motion for summary judgment is granted, the defendant's cross motion for summary judgment is denied, and it is declared that the parties are each owners of an undivided one-half interest in the subject property and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment.

The plaintiff, Howard Edelstein, and the defendant, Doris Lieb, are brother and sister. The instant action arose following the death of their mother, Rose Edelstein, in October 1989 and involves a dispute concerning the ownership of certain real property located in the Town of Southold.

The defendant and her mother originally obtained the subject property in 1968 as tenants in common. On or about November 14, 1969, the mother conveyed her entire interest to the defendant without any consideration. On June 28, 1976, the defendant and her mother executed a written agreement indicating that the November 14, 1969, conveyance was not intended to be a gift of the mother's interest in the property and that the mother was "retaining her undivided one-half beneficial interest therein". According to the history of the earlier transfer as recited in the agreement, the mother had been in a state of bereavement and shock because of the death of her husband and was not then able to attend to her interests in the property.

The 1976 agreement was duly recorded on or about July 9, 1976. On September 17, 1980, the mother executed a will devising all of her right, title, and interest in the subject property to her son, the plaintiff. Her will was admitted to probate by decree of the Surrogate's Court dated August 1, 1991.

In support of his motion for summary judgment, the plaintiff relied on the 1976 agreement between his mother and the defendant, and his mother's will, contending that he is now entitled to his mother's one-half interest in the subject property. The defendant cross-moved for summary judgment relying on the 1969 conveyance of the mother's interest to her. The Supreme Court granted summary judgment in favor of the defendant. We now reverse and grant summary judgment in favor of the plaintiff.

The 1976 agreement constituted a conveyance *(see,* Real

Property Law § 240 [2]), which re-established the mother's undivided one-half interest in the subject property. Any ambiguity that may exist with respect to the intent of the parties as to the effect of the 1976 agreement can be resolved on the basis of the documentary evidence in the record.

The defendant had previously submitted an affidavit to the court in a conservatorship proceeding involving her mother's estate in which she acknowledged that she was the record owner of the subject property, but that she and her mother "each own an undivided one-half (1/2) interest in the premises". She had also written a letter to her mother in 1986 indicating that she wanted to have the property sold and was entitled to one-half of the then appraised value "less half of what is owed on the mortgage". Based on the entire record, we are satisfied that the intention of the parties when executing the 1976 agreement was to establish the mother's one-half interest in the property.

Additionally, the Supreme Court incorrectly focused on the absence of a confidential relationship between the plaintiff and the defendant as the basis for its conclusion that the plaintiff herein is not entitled to the imposition of a constructive trust. The plaintiff's interest is not based on his own relationship with the defendant, but on the fact that he is sole beneficiary of his mother's will and entitled thereunder to her interest in the property. The record here establishes that the mother and the defendant had a close and confidential relationship at the time of the subject transactions. That close relationship, and the other elements for the imposition of a constructive trust are all established sufficiently on the record to warrant the granting of summary judgment in favor of the plaintiff (cf., Matter of Wieczorek, 186 AD2d 204). Lawrence, J. P., Ritter, Hart and Krausman, JJ., concur.