(September 26, 1994)

■ ANNIE ABBOTT, Respondent, v CITY OF NEW YORK, Defendant, and SHEFFIELD REHABILITATION CORPORATION, Appellant. [616 NYS2d 759] —In an action to recover damages for personal injuries, the defendant Sheffield Rehabilitation Corporation appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 7, 1992, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the appellant's motion for summary judgment is granted, the complaint is dismissed insofar as it is asserted against Sheffield Rehabilitation Corporation, and the action against the remaining defendant is severed.

The plaintiff allegedly sustained personal injuries when she fell on the sidewalk in front of the subject premises on July 18, 1986. The plaintiff commenced an action against, *inter alia,* the appellant Sheffield Rehabilitation Corporation (hereinafter Sheffield), alleging that it was the owner of the prem-

ises. Sheffield claimed that it had conveyed the subject property, as evidenced by an indenture dated September 18, 1978, and moved for summary judgment dismissing the complaint insofar as it is asserted against it. In opposition to the motion, the plaintiff claimed that the indenture was never indexed or recorded against the lot where the accident took place.

Contrary to the Supreme Court's determination, we find that Sheffield made a prima facie showing of entitlement to judgment as a matter of law by offering sufficient evidence to demonstrate the absence of any material issues of fact *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562). When Sheffield transferred the property it relinquished all legal interest in the property. The plaintiff did not fulfill its burden of producing evidentiary proof sufficient to defeat Sheffield's motion. The failure to record and index the indenture against the subject property did not preclude Sheffield from denying ownership. The applicable statute relating to the recording of deeds, Real Property Law § 291, was designed to protect the rights of innocent purchasers *(see, Andy Assocs. v Bankers Trust Co.,* 49 NY2d 13). The plaintiff is not a member of the class for which the statute was designed. Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.