■ RONALD RINER, Respondent, v TEXACO, INC., Appellant, et al., Defendants. [635 NYS2d 658] —In an action to recover damages for personal injuries, the defendant Texaco, Inc., appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated December 7, 1994, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as it is asserted against Texaco, Inc.

The plaintiff allegedly sustained injuries when he fell at a construction site on December 22, 1990. He commenced this action against, *inter alia*, the appellant Texaco, Inc. (hereinafter Texaco), alleging that it owned, controlled, and operated the premises where he fell or that it leased the premises to the codefendants. In support of its motion for summary judgment, Texaco produced a deed dated October 28, 1985, evidencing that it had conveyed the premises prior to the accident. In opposition to Texaco's motion, the plaintiff claimed that the deed had not been recorded and that Texaco was the last owner of record of the property.

The failure to record the deed does not preclude Texaco from denying ownership of the property. The applicable statute relating to the recording of deeds, Real Property Law § 291, was designed to protect the rights of innocent purchasers. The plaintiff is not a member of the class for which the statute was designed (*see, Abbott v City of New York*, 207 AD2d 853).

The plaintiff contends that Texaco's failure to respond to a request to admit amounted to an admission on the crucial issue of ownership and control. Generally, a failure to answer a request to admit is deemed an admission (*see,* CPLR 3123; *Blair*

*v County of Albany*, 127 AD2d 950). However, in this case, Texaco's failure to respond is excused, in the interest of justice, since the omission was an inadvertent error, the allegation contained in the request was at the heart of the controversy, and the allegation was contrary to Texaco's previously submitted pleadings (*see, Cazenovia Coll. v Patterson*, 45 AD2d 501).

Since the plaintiff failed to demonstrate any material issues of fact, Texaco is entitled to summary judgment. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.