■ JOSEPH CAYEA, Appellant, v LAKE PLACID GRANITE COMPANY, INC., Respondent. [665 NYS2d 127] —Carpinello, J. Ap-

peal from an order of the Supreme Court (Ryan, Jr., J.), entered January 13, 1997 in Clinton County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

The issue before this Court is whether defendant was the owner of the granite quarry where plaintiff was injured in March 1993. Because the documentary evidence in the record unequivocally demonstrates that defendant conveyed the property to Cold Springs Granite Company approximately three months earlier, Supreme Court properly dismissed the complaint.

Plaintiff claims that no conveyance was accomplished between defendant and Cold Springs prior to his accident. But defendant transferred all right, title and interest in all of its real and personal property to Cold Springs effective December 31, 1992 pursuant to a "General Bill of Sale and Assignment". In our view, this was a sufficiently detailed written instrument to convey defendant's interest in its real property to Cold Springs (*see*, Real Property Law § 240 [2]; General Obligations Law §§ 5-101, 5-703; *see also*, *Edelstein v Lieb*, 205 AD2d 491, 492-493, *lv denied* 85 NY2d 802). The document is duly subscribed and contains operative words evincing a present intent to convey an interest in real property (*see*, General Obligations Law § 5-703; *see also*, Real Property Law § 240 [2]; §§ 243, 258, 290 [3]). Furthermore, the document identifies the parties, sufficiently describes the subject matter (*see*, *Elias v Serota*, 103 AD2d 410, 416) and sets forth the consideration; thus, it states all of the essential terms of a complete agreement (*see*, General Obligations Law § 5-703).

Noting that a conveyance of an interest in land also requires delivery (*see*, *219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 511), we are satisfied that this requirement was also fulfilled. The acts and words of both defendant and Cold Springs manifest their intention that defendant's interest in the real property be conveyed effective December 31, 1992. In addition to the execution of a General Bill of Sale and Assignment, defendant was liquidated into Cold Springs, its parent, pursuant to resolutions executed simultaneously with the assignment. Furthermore, Cold Springs was reported to be the new operator of the granite quarry effective December 14, 1992 pursuant to a US Department of Labor Legal Identity Report. As of January 1993, employee paychecks were issued by Cold Springs and a new tax identification number was issued in its name. Finally, defendant had no listed assets, liabilities or transactions for the 1993 tax year.

While the failure to record a conveyance of real property in the office of the Clerk of the county where such real property is situate may have legal consequences with respect to a subsequent purchaser (*see*, Real Property Law § 291), such failure does not affect the validity of the conveyance as against plaintiff. Notwithstanding the fact that the deed into defendant was the last deed on file in the County Clerk's office, defendant ceased being the owner of the subject property on December 31, 1992 and cannot be held liable for injuries occurring on the property after that date.

We are also not persuaded by plaintiff's argument that the effective date of the transfer of ownership between defendant and Cold Springs was the filing date of the Certificate of Merger (*see*, Business Corporation Law § 906 [b] [2]). In the absence of the written agreement conveying defendant's real and personal property to Cold Springs, plaintiff's argument might carry some weight (*see*, *Holmberg v Attractions Land*, 230 AD2d 362); however, because the assignment exists and is valid and binding, the filing of the Certificate of Merger is not the operative conveyance date.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.