■ HENRYK WORONIECKI et al., Appellants, v GEORGE I. TZITZIKALAKIS, Respondent. [680 NYS2d 606] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated September 26, 1997, which granted the motion of the defendant George I. Tzitzikalakis for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The court properly granted the motion of the defendant George I. Tzitzikalakis for summary judgment dismissing the complaint insofar as asserted against him. A defendant will not be subject to liability in a personal injury action if he sufficiently demonstrates that he was not the owner of the property where the injury took place, regardless of whether the transfer of property was recorded (*see, Riner v Texaco, Inc.,* 222 AD2d 571; *Cayea v Lake Placid Granite Co.,* 245 AD2d 659). Here, the defendant sufficiently demonstrated that he had divested himself of any ownership interest in the property where the accident took place years earlier, and that he had not contracted for the work which caused the plaintiff Henryk Woroniecki's injuries. Therefore, he is not subject to liability under the Labor Law (*see, Perez v Paramount Communications,* 247 AD2d 264; *Wendel v Pillsbury Corp.,* 205 AD2d 527). The failure to record the quitclaim deed by which he divested himself of his interest in the property does not bar the granting of summary judgment, as Real Property Law § 291 "was designed to protect the rights of innocent purchasers" (*Abbott v City of New York,* 207 AD2d 853, 854), and not a party seeking

to recover for personal injuries incurred in an accident on the property. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.