■ JUAN HERNANDEZ, Appellant, v JONATHAN T. H. CHEN, Respondent. [708 NYS2d 719] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated June 13, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A defendant will not be subject to liability in a personal

injury action if he or she demonstrates that he or she was not the owner of the property where the injury took place, regardless of whether the transfer of property was recorded (*see, Woroniecki v Tzitzikalakis,* 255 AD2d 509; *Cayea v Lake Placid Granite Co.,* 245 AD2d 659). Here, the defendant demonstrated that he had divested himself of any ownership interest in the property where the accident took place years earlier, and that he had not contracted for the work which caused the plaintiff's injuries. Therefore, he is not subject to liability under the Labor Law (*see, Woroniecki v Tzitzikalakis, supra; Cayea v Lake Placid Granite Co., supra; Wendel v Pillsbury Corp.,* 205 AD2d 527). The failure to record the deed by which he divested himself of his interest in the property does not bar the granting of summary judgment, as Real Property Law § 291 "was designed to protect the rights of innocent purchasers" (*Abbott v City of New York,* 207 AD2d 853, 854), and not a party seeking to recover for personal injuries incurred in an accident on the property.

The plaintiff's remaining contentions are without merit. Mangano, P. J., Santucci, Krausman, and Florio, JJ., concur.