■ HENRI JANIAN et al., Appellants, v JOHN R. BARNES, Respondent. [727 NYS2d 182] —Rose, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered June 5, 2000 in Tioga County, which, *inter alia*, denied plaintiffs' motion for summary judgment and declared them to be title owners of the subject premises.

Plaintiffs commenced this declaratory judgment action to judicially resolve the issue of whether title to certain real property in the Town of Owego, Tioga County had been effectively conveyed to defendant in 1996 following the parties' initial joint purchase of the property in 1969 and defendant's conveyance of his interest to plaintiffs in 1982. The issue of ownership became disputed when the Department of Environmental Conservation (hereinafter DEC), long concerned about the unsafe condition of a dam on the property, issued a summary abatement order for the dam's repair in January 2000. Because of uncertainty in the title, DEC held a hearing in February 2000 to determine ownership and liability for the repair, and thereafter concluded, *inter alia*, that plaintiffs, not defendant, were the title owners and responsible for the ordered abatement.

Relying on defendant's alleged agreement to purchase the property for $1 and their delivery of a quitclaim deed in September 1996, plaintiffs commenced this action for a judgment declaring defendant to be the sole owner of the property and awarding them indemnification for any costs incurred in repairing the dam. When plaintiffs moved for summary judgment, Supreme Court denied their motion and instead declared that they had been the sole owners of the property since 1982.

Plaintiffs now appeal, contending that they conveyed the subject property to defendant by their delivery and his acceptance of an executed deed in September 1996. Defendant counters that the deed delivered at that time could not be recorded and that plaintiffs failed to deliver other documents necessary for the transaction, thus making his acceptance legally impossible. Plaintiffs later sent a second, more complete deed to defendant in December 1998, but as defendant promptly rejected and returned the second deed (*compare*, *Whalen v Harvey*, 235 AD2d 792, 793, *lv denied* 89 NY2d 816), and as there is no dispute that plaintiffs forwarded a deed conveying their interests in the property to defendant in 1996, the pertinent issue is whether defendant accepted the 1996 deed.

A transfer of real property is effected by the delivery of an executed deed to a grantee (*see*, Real Property Law § 244; *219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 511). However, "there can be no delivery without an acceptance by the grantee" of the deed (*Ten Eyck v Whitbeck*, 156 NY 341, 352). While "there is a presumption that a deed was delivered and accepted as of its date * * * this presumption must yield to opposing evidence" (*Manhattan Life Ins. Co. v Continental Ins. Cos.*, 33 NY2d 370, 372 [citation omitted]). The presumption of acceptance may be rebutted by evidence of the parties' actual intent (*see*, *Diamond v Wasserman*, 8 AD2d 623), and acceptance by the grantee generally presents an issue for the finder of fact (*see*, *Herrmann v Jorgenson*, 263 NY 348, 354).

While Supreme Court relied upon plaintiffs' copy of the deed in finding that one of the grantors' signatures was absent, defendant now concedes that both grantors executed the 1996 deed as evidenced by a copy bearing both signatures that was before Supreme Court as an exhibit to defendant's answer. Defendant contends instead that he could not have accepted that deed because the transaction had been conditioned on receipt of a recordable deed and the grant of a right-of-way over adjoining property.

The record shows that between 1996 and 1998, defendant expected to receive a recordable deed as well as a separate easement obtained from a third party and duly recorded by plaintiffs. There is no dispute that such an easement was never obtained and that the 1996 deed lacked an acknowledgment which rendered it unrecordable (*see*, Real Property Law § 243). There is, however, no evidence that defendant expressly rejected the 1996 deed on either of these grounds after he received it. To the contrary, defendant's letter to plaintiffs dated September 17, 1996, which was contemporaneous with

delivery of the deed, expressly confirmed that he was purchasing and accepting the property in an "AS IS" condition on that date. Defendant's later admission in his letter to plaintiff Ara Kradjian in October 1998 that he had transmitted the 1996 deed to plaintiffs' attorneys for the purpose of having it recorded also suggests that defendant accepted the deed in 1996. In these circumstances, we find the issue of whether defendant accepted the deed to be one of fact precluding a summary declaration of ownership (*see*, *Dingle v Glass*, 247 AD2d 507). However, since Supreme Court did not address the other grounds for denial of plaintiffs' motion raised in defendant's answering papers, the matter must be remitted to Supreme Court for further consideration.

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.