■ SALVATORE TERMINE et al., Appellants, v CONTINENTAL BAKING COMPANY, Respondent. [749 NYS2d 568] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered January 11, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Salvatore Termine allegedly was injured when he tripped and fell at his place of employment in October 1998. At the time of this accident, the injured plaintiff was employed by Interstate Brands Corporation (hereinafter IBC). The record owner of the real property on which the accident occurred was the defendant Continental Baking Company (hereinafter CBC).

The Supreme Court correctly determined that CBC established its entitlement to judgment as a matter of law on the ground that the injured plaintiff's action is barred by Workers' Compensation Law § 11. CBC, a Delaware corporation, merged into its parent corporation, IBC, also a Delaware corporation, upon the filing of a Certificate of Ownership and Merger with the Delaware Secretary of State on July 2, 1995. Pursuant to Business Corporation Law § 1311, CBC's authority to do business in New York terminated on August 18, 1995, upon the filing of a Certificate of Termination of Existence of CBC with the State of New York Department of State (*cf. Holmberg v Attractions Land,* 230 AD2d 362).

There is no merit to the injured plaintiff's argument that

CBC is liable to him as a separate tortfeasor based upon its failure to file a deed formally transferring the real property where the accident occurred to IBC before the accident. Real Property Law § 291 was designed to protect the rights of innocent purchasers and not a party seeking to recover for personal injuries incurred in an accident on the property (*see Hernandez v Chen,* 273 AD2d 274; *Woroniecki v Tzitzikalakis,* 255 AD2d 509; *Riner v Texaco,* 222 AD2d 571; *Abbott v City of New York,* 207 AD2d 853, 854; *Cayea v Lake Placid Granite Co.,* 245 AD2d 659, 661). CBC sufficiently demonstrated that it had divested itself of any ownership interest in the property where the accident took place more than three years before the injured plaintiff's accident. Thus, the Supreme Court correctly determined that the actual owner of the property at the time of the plaintiff's accident was his employer, IBC, against whom the injured plaintiff is barred from bringing an action based upon the exclusivity of the Workers' Compensation Law (*see* Workers' Compensation Law § 11). Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.