YOGALUCHSHMY PONNAMBALAM et al., Plaintiffs, and GA-JENDRAKUMAR GANGASER PONNAMBALAM et al., Appellants-Respondents, v VIJAYALUCHSHMI SIVAPRAKASAPILLAI et al., Respondents-Appellants, et al., Defendant. [829 NYS2d 540]—

In an action, inter alia, for a judgment declaring the rights of the parties to certain real property, (1) the plaintiffs Gajendra-

kumar Gangaser Ponnambalam and Mrinalini Ponnambalam appeal from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered May 27, 2005, as granted that branch of the motion of the defendants Vijayaluchshmi Sivaprakasapillai, Dharshana Sivaprakasapillai, and Brahman Sivaprakasapillai which was to dismiss the second cause of action insofar as asserted against them pursuant to CPLR 3211 (a) (3), and the defendants Vijayaluchshmi Sivaprakasapillai, Dharshana Sivaprakasapillai, and Brahman Sivaprakasapillai cross-appeal from so much of the same order as, in effect, denied that branch of their motion which was to dismiss the first cause of action insofar as asserted by the plaintiffs Gajendrakumar Gangaser Ponnambalam and Mrinalini Ponnambalam against them pursuant to CPLR 3211 (a) (5), and upon, in effect, granting that branch of their motion which was to dismiss the first cause of action insofar as asserted against them on other grounds, granted leave to the plaintiffs Gajendrakumar Gangaser Ponnambalam and Mrinalini Ponnambalam to serve and file an amended summons and complaint against the defendants Vijayaluchshmi Sivaprakasapillai and Dharshana Sivaprakasapillai, and (2) the plaintiffs Gajendrakumar Gangaser Ponnambalam and Mrinalini Ponnambalam appeal, as limited by their brief, from stated portions of an order of the same court entered November 15, 2005, which, inter alia, granted those branches of the motion of the defendants Vijayaluchshmi Sivaprakasapillai, Dharshana Sivaprakasapillai, and Brahman Sivaprakasapillai which were to dismiss so much of the amended complaint insofar as asserted against the defendants Vijayaluchshmi Sivaprakasapillai and Dharshana Sivaprakasapillai by the plaintiffs Gajendrakumar Gangaser Ponnambalam and Mrinalini Ponnambalam as sought to impose a constructive trust, punitive damages, and to award those plaintiffs more than a 50% interest in certain real property.

Ordered that the order entered May 27, 2005 is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order entered November 15, 2005 is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Vijayaluchshmi Sivaprakasapillai, Dharshana Sivaprakasapillai, and Brahman Sivaprakasapillai which were to dismiss so much of the amended complaint insofar as asserted against the defendants Vijayaluchshmi Sivaprakasapillai and Dharshana Sivaprakasapillai by the plaintiffs Gajendrakumar Gangaser Ponnambalam and Mrinalini Ponnambalam as sought to impose a constructive

trust and to award those plaintiffs more than a 50% interest in certain real property, and substituting therefor a provision denying those branches of the motion; as so modified, the order entered November 15, 2005 is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs Gajendrakumar Gangaser Ponnambalam and his sister Mrinalini Ponnambalam (hereinafter the Ponnambalams) commenced this action in August 2004, inter alia, for a judgment declaring the rights of the parties to certain real property. They sought to recover certain real and personal property which they allegedly inherited from their father, Gassinather Gangaser Ponnambalam (hereinafter the decedent). The decedent was a resident and domiciliary of Sri Lanka, where his last will and testament was admitted to probate. His children, the Ponnambalams, currently reside in that country. The Ponnambalams seek, inter alia, to recover the subject property from their relatives who reside in New York, namely, the defendants Vijayaluchshmi Sivaprakasapillai, Dharshana Sivaprakasapillai, and Brahman Sivaprakasapillai (hereinafter the family defendants). The property at issue consists of money in certain United States bank accounts and real property located at 16 Wagon Wheel Road in Mamaroneck (hereinafter the Wagon Wheel property).

The first cause of action in the complaint alleged that the Wagon Wheel property was owned by Dharshana and the decedent as tenants in common. The Ponnambalams allege, however, that Dharshana and Vijayaluchshmi wrongfully conveyed the decedent's interest in such real property to Dharshana as sole owner. The wrongful transfer allegedly occurred after the decedent passed away. The second cause of action in the complaint alleged that Vijayaluchshmi and Brahman misappropriated funds in certain bank accounts which allegedly belonged to the decedent.

In the order entered May 27, 2005 the Supreme Court properly granted that branch of the family defendants' motion which was to dismiss the second cause of action in the complaint pursuant to CPLR 3211 (a) (3). Under the law of this state, the Ponnambalams lack the capacity as devisees under the decedent's will to sue for the recovery of funds taken from the bank accounts. The executor of the decedent's estate, not his heirs, had the duty to recover personal property of the estate (*see McQuaide v Perot*, 223 NY 75, 79 [1918]; *Gaentner v Benkovich*, 18 AD3d 424, 426 [2005]; *Jackson v Kessner*, 206 AD2d 123, 126 [1994]), and probate proceedings were necessary in order to authenticate the title of the executor to administer upon the

personal property (citing *Corley v McElmeel,* 149 NY 228, 235 [1896]; *see Graham v State of New York,* 51 NYS2d 437, 441-442 [1944]). Contrary to the Ponnambalams' contention, the Supreme Court did not err in failing to apply Sri Lankan law to this issue. The Ponnambalams did not plead the substance of the foreign law to be applied (*see* CPLR 3016 [e]), nor did their opposition papers provide the court with sufficient information to enable it to take judicial notice of the Sri Lankan law at issue (*see* CPLR 4511 [b]). To the extent that the Ponnambalams seek to rectify these failures for the first time on appeal, their contentions are not properly before this Court.

In the order entered May 27, 2005 the Supreme Court properly denied that branch of the family defendants' motion which was to dismiss the first cause of action pursuant to CPLR 3211 (a) (5). Contrary to the family defendants' contention, the first cause of action is not barred by the statute of limitations. To the extent that it seeks to impose a constructive trust on the Wagon Wheel property, this cause of action is governed by the six-year statute of limitations provided by CPLR 213 (1), which "commences to run upon the occurrence of the wrongful act giving rise to a duty of restitution" (*Mazzone v Mazzone,* 269 AD2d 574, 574-575 [2000], quoting *Mattera v Mattera,* 125 AD2d 555, 556-557 [1986]; *see Panish v Panish,* 24 AD3d 642 [2005]; *Pisciotto v Dries,* 306 AD2d 262 [2003]). The gravamen of the Ponnambalams' first cause of action was not that Dharshana wrongfully acquired the property as a tenant in common with the decedent, but rather that she and Vijayaluchshmi wrongfully transferred the property to Dharshana as sole owner after the decedent passed away. Under these circumstances, the cause of action is not time-barred.

In the order entered November 15, 2005 the Supreme Court erred in dismissing so much of the amended complaint as sought to award the Ponnambalams more than a 50% interest in the Wagon Wheel property and sought to impose a constructive trust on such interest. Viewing the allegations in the light most favorable to the Ponnambalams, as the court must on a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see Peters v Accurate Bldg. Inspectors Div. of Ubell Enters., Inc.,* 29 AD3d 972, 973 [2006]; *Cruz v McAneney,* 31 AD3d 54, 55 [2006]), they alleged sufficient facts to warrant such relief (*see Laney v Siewert,* 26 AD3d 194 [2006]; *Lang v Lang,* 270 AD2d 463, 464 [2000]; *Edelstein v Lieb,* 205 AD2d 491, 493 [1994]; *Johnson v Depew,* 33 AD2d 645 [1969]; *Moran v Thomas,* 280 App Div 1037 [1952]; *Perrin v Harrington,* 146 App Div 292, 296 [1911]; *see generally Simonds v Simonds,* 45 NY2d 233 [1978]; *Sharp v Kosmalski,*

40 NY2d 119 [1976]). Contrary to the Ponnambalams' contention, however, the Supreme Court properly struck their demand for punitive damages as such an award is not warranted under the circumstances alleged herein (*see Cadle Co. v Organes Enters., Inc.,* 29 AD3d 927, 929 [2006]; *Abalon Precision Mfg. Corp. v Flair Intl. Corp.,* 19 AD3d 338, 339 [2005]; *Crispino v Greenpoint Mtge. Corp.,* 2 AD3d 478, 479 [2003]; *Beir v Manufacturers Hanover Trust Co.,* 110 AD2d 529 [1985]).

The family defendants' remaining contentions are academic, unpreserved for appellate review, or without merit. Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.