■ NORMAN GOODELL et al., Appellants, v RICHARD ROSETTI, Defendant and Third-Party Plaintiff-Respondent. DREW CATHELL CUSTOM HOMES, INC., Third-Party Defendant-Respondent. [859 NYS2d 770]—

---

Stein, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered March 26, 2007 in Albany County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered July 15, 2007 in Albany County, which denied plaintiff's motion for reconsideration.

On January 24, 2004, plaintiff Norman Goodell (hereinafter plaintiff) was injured while performing carpentry work for third-party defendant, Drew Cathell Custom Homes, Inc. (hereinafter Cathell). Plaintiff and his wife, derivatively, commenced this tort action against defendant, the record owner of the property at which plaintiff was injured. Defendant brought a third-party action against Cathell on the basis of contractual indemnification and moved for summary judgment dismissing the complaint, alleging that he was not the owner of the property on the date of the accident. Cathell then cross-moved for dismissal of the third-party complaint and plaintiffs cross-moved for summary judgment declaring that defendant was the owner of the property on the relevant date. Supreme Court granted defendant's motion for summary judgment dismissing the complaint and dismissed Cathell's cross motion as moot. Plaintiffs' subsequent motion to renew and reargue was denied by Supreme Court. Plaintiffs now appeal from the order granting summary judgment to defendant and the order denying their motion to renew and reargue. The question presented by this appeal is whether plaintiffs have raised a triable issue of fact concerning ownership of the property in question on the date of the accident. We find that they have and, therefore, reverse the grant of summary judgment to defendant.

Defendant is a land developer and Cathell is a home builder which started doing business in 2000. In August 2000, defendant and Cathell entered into a contract for the purchase of improved subdivided lots located in the subdivision of which the subject property was a part. Pursuant to that contract, the purchase price of each lot was to be "paid upon transfer of title of such lot." Initially, in order to assist Cathell in obtaining financing, defendant agreed to guarantee a commercial line of credit issued to Cathell to fund some of the construction costs of

these lots. However, defendant subsequently requested that he be released from his guarantee obligation. The lender agreed to do so on the condition that defendant would execute a deed to a particular lot, conveying title to Cathell, at the time funds were advanced for construction on such lot, which deed would be held in escrow by the lender's attorney. This became the custom and practice between defendant and Cathell. These deeds were not recorded and no other real estate transfer documents were executed or recorded in connection therewith. A second deed to each property was later executed, along with the other necessary real estate transfer documents, and was recorded simultaneously with the deed conveying title from Cathell to the new homeowner. Consistent with the contract between defendant and Cathell, defendant would be paid out of the new homeowner mortgage proceeds and the construction debt would be paid off at that time.

In order to transfer an ownership interest in real property, there must be a deed, or other "conveyance in writing" (General Obligations Law § 5-703 [1]; see *Edelstein v Lieb*, 205 AD2d 491, 492-493 [1994], *lv denied* 85 NY2d 802 [1995]). Although it is not necessary that such conveyance be recorded (*see Cayea v Lake Placid Granite Co.*, 245 AD2d 659, 661 [1997]), it is a well-established rule that delivery of the deed with intent to transfer title is required and the absence thereof will render the attempted transfer of ownership ineffective (*see 219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 511 [1979]; *Cayea v Lake Placid Granite Co.*, 245 AD2d at 660). While there is a strong presumption that a deed purporting to transfer ownership in real property has been delivered and accepted, this presumption may be overcome by evidence of the parties' actual intent (*see Manhattan Life Ins. Co. v Continental Ins. Cos.*, 33 NY2d 370, 372 [1974]; *Janian v Barnes*, 284 AD2d 717, 718 [2001]; *see also Diamond v Wasserman*, 8 AD2d 623 [1959]).

New York does not recognize conditional conveyances (*see In re Ellison Assoc.*, 63 BR 756, 761 [SD NY 1983]; *Herrmann v Jorgenson*, 263 NY 348, 353 [1934]; *Hamlin v Hamlin*, 192 NY 164, 167-168 [1908]). Thus, if the intention in transferring possession of a deed is merely to have it transmitted to a third person, such as an escrow agent, there is no legal delivery which will pass title to the property (*see Rapp v Cansdale*, 29 Misc 2d 236, 244-245 [1960], *affd* 12 AD2d 884 [1961]). Whether a deed is absolute or is only a security device is a question of intent (*see Finnegan v Brown*, 43 AD2d 812, 813 [1973]) which may be discerned from the course of dealings between the parties (*see Basile v Erhal Holding Corp.*, 148 AD2d 484, 485 [1989], *lv denied* 75 NY2d 701 [1989]).

Initially, we reject defendant's contention that plaintiffs lack standing to seek a determination regarding the validity of the October 2003 deed. As defendant has raised lack of ownership as a defense to the action, plaintiffs are entitled to dispute the factual underpinnings of that defense. Unlike the plaintiff in *Adamkiewicz v Lansing* (288 AD2d 531, 532 [2001]), who was merely challenging the technical sufficiency of an acknowledgment in the deed, plaintiffs here are questioning the very basis of ownership—whether a deed was actually delivered with the intent to transfer title prior to plaintiff's accident.

In support of his motion for summary judgment, defendant presented a copy of a deed dated October 27, 2003 purporting to transfer title to the subject property from defendant to Cathell. Thus, the burden shifted to plaintiffs to present admissible evidence demonstrating the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In addition to testimony and documentary evidence of the course of dealings between defendant and Cathell, plaintiffs have produced a second deed dated February 2, 2004 (the same date as the execution of a deed transferring title from Cathell to the new homeowners) and recorded on February 24, 2004, also purporting to transfer title of the subject property from defendant to Cathell. All necessary real property transfer documents were also executed in connection with this later deed and all tax credit calculations were based on a transfer date of February 2, 2004. In addition, the description of the property in the deed from Cathell to the new homeowners referred to the February 2, 2004 deed from defendant to Cathell. The evidence also showed that defendant was paid the lot purchase price directly from the new homeowners' mortgagee at the closing held between Cathell and the new homeowners. Furthermore, some of the testimony of defendant and of Drew Cathell appeared to be deliberately vague and evasive, thus raising issues of credibility.

In reviewing these facts in the light most favorable to plaintiffs (*see Horth v Mansur*, 243 AD2d 1041, 1042 [1997]), we find that they have raised a triable issue of fact as to whether the October 2003 deed was delivered to Cathell with the intent to convey ownership or merely as a security device and, hence, whether defendant owned the subject property on the date of the accident. Thus, Supreme Court erred in granting summary judgment dismissing the complaint (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We have considered the parties' remaining contentions and find them to be unpersuasive.

Peters, J.P., Carpinello and Kane, JJ., concur. Ordered that

the orders are modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment; said motion denied; and, as so modified, affirmed.