■ LINDA L. ARROW, Appellant, v VESTAL SHOE REPAIR, Respondent. [912 NYS2d 138]—

Stein, J. Appeal from an order of the Supreme Court (Lebous, J.), entered March 8, 2010 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff tripped and fell over raised asphalt located between the sidewalk and the entrance to defendant's business in the Town of Vestal, Broome County. She commenced this personal injury action to recover for her alleged injuries and, following joinder of issue, defendant moved for summary judgment.* Supreme Court granted the motion and dismissed the complaint, and plaintiff appeals.

We affirm. As defendant submitted evidence establishing that the Town owned the land where the alleged defect exists, defendant will not be held liable "unless [it] . . . created the dangerous condition or caused the defect to occur because of

* Plaintiff also asserted a claim against the Town, which was dismissed prior to defendant's motion.

some special use of the sidewalk, or unless a statute or ordinance requires maintenance of the sidewalk and provides for the imposition of liability upon a failure to do so" (*Cox v Maloney*, 262 AD2d 832, 832 [1999]; *see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *Boege v Ulster Light.*, 241 AD2d 600, 600 [1997]). Here, neither party asserts that a statute or ordinance requires defendant to maintain the sidewalk. Moreover, defendant's proprietor testified that he had made no changes to the sidewalk or asphalt since purchasing the adjoining premises, and the Town had no records establishing who had installed the asphalt, which was consistently present between the buildings and sidewalk along that part of the street. This evidence was sufficient to satisfy defendant's burden of establishing its prima facie entitlement to judgment as a matter of law, thus shifting the burden to plaintiff to demonstrate the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). As plaintiff provided nothing beyond speculation to rebut the evidence that defendant did not create the defect, maintain the sidewalk or asphalt or otherwise make a special use of that area, plaintiff failed to meet her burden and defendant cannot be held liable (*see Ruffino v New York City Tr. Auth.*, 55 AD3d 817, 818-819 [2008]; *Vrabel v City of New York*, 308 AD2d 443, 443-444 [2003]; *Mackain v Pratt*, 182 AD2d 967, 968 [1992]).

Finally, we reject plaintiff's contention that defendant had a duty to warn of the allegedly defective condition in the absence of evidence that defendant had created or exercised any control over it (*see Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]; *Mackain v Pratt*, 182 AD2d at 968).

Mercure, J.P., Peters, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.