■ JOHN GIGLIO et al., Respondents, v SARATOGA CARE, INC., et al., Appellants. [985 NYS2d 314]—

Lahtinen, J.P. Appeal from an order of the Supreme Court (Chauvin, J.), entered April 16, 2013 in Saratoga County, which, among other things, denied defendants' cross motion for summary judgment dismissing the amended complaint.

After receiving treatment at the emergency room of defendant Saratoga Hospital in June 2008, plaintiff John Giglio (hereinafter plaintiff) tripped and fell while being escorted by a hospital security officer during the middle of the night toward off-premises parking. When plaintiffs had arrived earlier at the hospital, they found that parking near the emergency room was unavailable because of a hospital construction project. Although signs directed patrons to temporary parking across the street and north of the hospital, plaintiff Carole Giglio—after dropping plaintiff off at the emergency room—parked in a nearby lot

across the street that was owned by a private medical group. When the elderly couple left the hospital at about 2:30 a.m., they inquired about assistance in returning to their car because of darkness, and a hospital security officer accompanied them. As they reached the sidewalk on the opposite side of the street from the hospital, plaintiff tripped in a crack or depression in the pavement and fell. Plaintiff, and his wife derivatively, commenced this action. Following disclosure, plaintiffs moved to amend their complaint and defendants cross-moved for summary judgment dismissing the action. Supreme Court granted plaintiffs' motion to amend and denied defendants' cross motion. Defendants appeal contending that they should have been granted summary judgment dismissing the amended complaint.

The premises liability causes of action asserting a duty based upon defendants allegedly having control or authority over the area where plaintiff fell must be dismissed. "[L]iability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property" (*Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957 [1992]; *accord Noble v Pound*, 5 AD3d 936, 938 [2004]). Defendants produced documentary evidence as well as testimony from the hospital's vice-president for operations and facilities establishing that, at the time of plaintiff's accident, defendants did not own, control or otherwise have authority giving rise to a duty regarding the pertinent premises across the street from the hospital. Plaintiffs offered no proof raising a factual issue regarding defendants' lack of ownership or control. Further, the duty to provide a safe means of ingress and egress to visitors to property does not extend to a situation, such as here, involving a crack or depression in pavement on property owned by another located across the street from defendants' property (*see Arrow v Vestal Shoe Repair*, 78 AD3d 1469, 1469-1470 [2010]; *Mackain v Pratt*, 182 AD2d 967, 968 [1992]; *see generally Peralta v Henriquez*, 100 NY2d 139, 143-145 [2003]). Nor did defendants' internal policy to provide escorts when requested give rise to an expanded duty beyond that of exercising reasonable care regarding persons on their property (*see Gilson v Metropolitan Opera*, 5 NY3d 574, 577 [2005]).

Plaintiffs did, however, raise a factual issue as to whether defendants assumed a duty of reasonable care regarding the escort provided. Under the assumed duty theory, "the question is whether defendant[s'] conduct placed plaintiff in a more vulnerable position than plaintiff would have been in had defendant[s] done nothing" (*Heard v City of New York*, 82 NY2d 66, 72 [1993]; *see D'Allaird v Markline Sales, Inc.*, 104 AD3d 1110,

1111 [2013]; *Seeger v Marketplace*, 101 AD3d 1691, 1691 [2012]). While there was conflicting proof, on this cross motion by defendants for summary judgment we "must view the evidence in a light most favorable to the nonmoving party and accord that party the benefit of every reasonable inference from the record proof" (*Winne v Town of Duanesburg*, 86 AD3d 779, 780-781 [2011] [internal quotation marks and citation omitted]). Plaintiff characterized the lighting conditions when he was ready to leave the emergency room as "pitch black," prompting him to ask for assistance. The security guard who was summoned had previously escorted people from the emergency room to off-premises parking and thus was familiar with conditions in the area. Plaintiff kept a hand on his wife's shoulder as they walked assisting his stability. Although the security guard had a flashlight, he did not turn it on and did not walk next to plaintiffs. Plaintiff recalled that, just before he fell, he stated to the security guard that he could barely see because of the darkness, but the guard made a gesture ostensibly indicating that it was safe to proceed and, as plaintiff did so, he immediately stepped into the crack or depression and fell. Accepting such proof and the reasonable inferences therefrom, a jury could conclude that plaintiff would have proceeded more cautiously had he not relied on an individual familiar with the area who apparently gestured for him to continue despite the poor visibility (*cf. Kievman v Philip*, 84 AD3d 1031, 1032-1033 [2011]).

Stein, Garry and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of defendants' cross motion for summary judgment dismissing the first, second and fourth causes of action of the amended complaint; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed.