Wisdom v Reoco, LLC (2018 NY Slip Op 04628)





Wisdom v Reoco, LLC


2018 NY Slip Op 04628


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525833

[*1]DUANE R. WISDOM, Respondent,
v
REOCO, LLC, Appellant, et al., Defendant.

Calendar Date: May 4, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Camardo Law Firm, Auburn (Justin T. Huffman of counsel), for appellant.
Law Office of Mark A. Myers, Jacksonville, Florida (Mark A. Myers of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Versaci, J.), entered January 18, 2017 in Schenectady County, which denied a motion by Reoco, LLC to dismiss the complaint against it.
On March 29, 2013, plaintiff fell and sustained injuries while at a property allegedly owned by defendants located at 801 Bridge Street in the City of Schenectady, Schenectady County. Plaintiff thereafter commenced this negligence action against defendants, alleging, among other things, that his fall was caused by "defective, unsafe and dangerous stairs, stairway and hand rail" and, at the time of the incident, defendants "owned, managed and/or maintained the subject premises." Defendant Reoco, LLC (hereinafter defendant) thereafter moved to dismiss the complaint for failure to state a cause of action, claiming that, because it did not accept or receive the deed to the subject property until nearly two weeks after the incident occurred, it did not have any ownership interest in the premises at the time that plaintiff allegedly sustained his injuries. Following oral argument, Supreme Court denied defendant's motion, concluding that it had not presented sufficient evidence to rebut the presumption that delivery and acceptance of the deed had occurred on March 28, 2013, the date on which the deed was [*2]signed. Defendant appeals.[FN1]
Defendant contends that Supreme Court erred in denying its motion as it did present sufficient evidence to rebut the presumption that delivery of the deed took place on the date on which it was signed, thereby establishing that it did not have an ownership interest in the property at the time the alleged incident occurred. We disagree. "On a motion to dismiss under CPLR 3211, the pleading is to be given a liberal construction, the allegations contained within it are assumed to be true and the plaintiff is to be afforded every favorable inference" (Simkin v Blank, 19 NY3d 46, 52 [2012] [citation omitted]; accord Vestal v Pontillo, 158 AD3d 1036, 1038 [2018]). "This liberal standard, however, will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are inherently incredible" (DerOhannesian v City of Albany, 110 AD3d 1288, 1289 [2013] [citations omitted], lv denied 22 NY3d 862 [2014]; accord Graven v Children's Home R.T.F., Inc., 152 AD3d 1152, 1153 [2017]).
As relevant here, "[r]ecovery in a premises liability action is predicated on ownership, occupancy, control or special use of a property where a dangerous or defective condition exists" (Martuscello v Jensen, 134 AD3d 4, 8 [2015] [internal quotation marks, brackets and citation omitted]; see Giglio v Saratoga Care, Inc., 117 AD3d 1143, 1144 [2014]). With regard to the transfer of ownership of the property, it is well-settled that title to real property transfers upon execution and delivery of the deed (see Real Property Law § 244; Tomhannock, LLC v Roustabout Resources, LLC, 149 AD3d 1219, 1221 [2017], appeal dismissed 29 NY3d 1113 [2017]). "While there is a strong presumption that a deed purporting to transfer ownership in real property has been delivered and accepted [as of its date], this presumption may be overcome by evidence of the parties' actual intent" (Goodell v Rosetti, 52 AD3d 911, 913 [2008]; see M & T Real Estate Trust v Doyle, 20 NY3d 563, 568 [2013]; Manhattan Life Ins. Co. v Continental Ins. Cos., 33 NY2d 370, 372 [1974]; Janian v Barnes, 284 AD2d 717, 718 [2001]).
In support of its motion, defendant submitted, among other things, an executed copy of the referee's deed transferring ownership of the subject property to defendant, dated March 28, 2013, one day before plaintiff's alleged accident. Based on the foregoing, there is a strong presumption that the deed was delivered and accepted as of that date (see Real Property Law § 244; Goodell v Rosetti, 52 AD3d at 913; Whalen v Harvey, 235 AD2d 792, 793 [1997], lv denied 89 NY2d 816 [1997]). The only additional documentation that defendant submitted to overcome the presumption was an affidavit from Anthony Iacchetta, an attorney who represented defendant's predecessor in interest in its acquisition of the subject premises and a letter from Iacchetta's firm dated April 11, 2013. In his affidavit, Iacchetta represents "that the transfer documents executed by the referee were not received by [his] firm until April 11, 2013," and he provided a copy of the letter sent that same day forwarding said documentation to be countersigned. The documents submitted by defendant, however, do not address the parties' intent or whether the deed was intended to be delivered and accepted as of April 11, 2013, as opposed to the deed's March 28, 2013 execution date. Defendant, therefore, failed to rebut the presumption that the deed was delivered and accepted on March 28, 2013 (see M & T Real Estate [*3]Trust v Doyle, 20 NY3d at 568; see also Washam v O'Hathairne Bros., Inc., 146 AD3d 408, 408-409 [2017]). Accordingly, we find that Supreme Court properly denied defendant's motion to dismiss.
Garry, P.J., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that order is affirmed, with costs.



Footnotes

Footnote 1:The notice of appeal mistakenly indicates that the order appealed from was entered in the office of the clerk of the Court of Claims; however, we will exercise our discretion to overlook this error and deem the notice as valid (see CPLR 5520 [c]).