## Quintero v MBH Capital LLC

2023 NY Slip Op 34577(U)

December 22, 2023

Supreme Court, Kings County

Docket Number: Index No. 512159/2023

Judge: Devin P. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Supreme Court of the State of New York**
**County of Kings**

Index Number ___512159/2023___
Seqs. 001, 002

Part __LL1__

**DECISION/ORDER**

FERNANDO VASQUEZ QUINTERO,

Plaintiff,

against

MBH CAPITAL LLC, DC NYC PROPERTIES LLC,
FEDERAL BRICK MANAGEMENT GROUP LLC, MK
GENERAL CONSTRUCTION INC.,

Defendants.

Recitation, as required by CPLR §2219 (a), of the papers
considered in the review of this Motion

| | Papers Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed . . . . | 1–2 |
| Order to Show Cause and Affidavits Annexed. | ____ |
| Answering Affidavits . . . . . . . . . . . . . . . . . . . . | 2–3 |
| Replying Affidavits . . . . . . . . . . . . . . . . . . . . . . | 3 |
| Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ____ |
| Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ____ |

Upon the foregoing papers, defendant Federal Brick Management Group LLC (Federal)'s motion for summary judgment and sanctions (Seq. 001) and plaintiff's cross-motion to serve a late answer to the counter-claim *nunc pro tunc* and for summary judgment on the counter-claim (Seq. 002) are decided as follows:

**Procedural History and Factual Background**

Plaintiff commenced this action to recover for damages he claims to have sustained on April 13, 2023, when he fell from a ladder after being struck by a falling beam while working at 708 MacDonough Street, Brooklyn, NY. It is undisputed that Federal owned the premises until it was conveyed to MBH Capital LLC (MBH) on March 29, 2023 by the delivery of a bargain and sale deed. The deed was not recorded until April 19, 2023, six days after plaintiff's alleged accident. Plaintiff filed suit on April 25, 2023. Plaintiff named Federal as a defendant in the instant lawsuit, and Federal's answer contains a counter-claim for sanctions, contending that the action is frivolous. After Federal filed motion sequence 001 on August 28, 2023, plaintiff served

1

[* 1]

an answer to the counter-claim on October 4, 2023. Federal served a notice of rejection of plaintiff's answer on October 10, 2023.

Analysis

On a motion for summary judgment, the moving party bears the initial burden of making a prima facie showing that there are no triable issues of material fact (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]). Once a prima facie showing has been established, the burden shifts to the non-moving party to rebut the movant's showing such that a trial of the action is required (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]).

"Liability under Labor Law § 240 (1) [is] 'absolute' in the sense that owners or contractors not actually involved in construction can be held liable, regardless of whether they exercise supervision or control over the work (*Blake v Neighborhood Hous. Services of New York City, Inc.*, 1 NY3d 280, 287 [2003]). Generally, statutory liability for owners under the Labor Law "rests upon the fact of ownership" (*Gordon v E. Ry. Supply, Inc.*, 82 NY2d 555, 560 [1993]). Moreover, the Court of Appeals has affirmed that a prior owner's liability for a dangerous premises condition continues even after conveying the premises until a reasonable time to cure such defect has passed (*Farragher v City of New York*, 21 NY2d 756 [1968]). The analysis of what constitutes a reasonable time to cure such a condition is necessarily heavily fact-dependent.

Contrary to plaintiff's assertion, for the purposes of establishing legal interest, a deed need not be recorded for title to pass to a new owner (*Town of N. Hempstead v County of Nassau*, 162 AD3d 705, 708 [2d Dept 2018]). Although a deed-holder who fails to record runs the risk of losing title to a subsequent good-faith purchaser who does record their deed (Real Property Law § 291; *see e.g. Bello v Ouellette*, 211 AD3d 784 [2d Dept 2022]), that is intended

2

[* 2]

to protect the rights of innocent purchasers, not a party seeking to recover for personal injuries suffered on the property (*Abbott v City of New York*, 207 AD2d 853 [2d Dept 1994]). The "failure to record the deed by which [defendant] divested himself of his interest in the property does not bar the granting of summary judgment" (*Hernandez v Chen*, 273 AD2d 274, 275 [2d Dept 2000]).

Defendant seeks summary judgment on the basis that it had already transferred the property by conveying the deed prior to the date of plaintiff's accident and divested itself of ownership responsibility, irrespective of whether or not the deed was recorded before the accident. In support of its motion, Federal submits the affidavit of Beverly McDonald, the principal and managing member of Federal. Ms. McDonald confirms the date of the sale of the premises and further states that Federal was not involved with the premises after the sale, did not hire plaintiff or plaintiff's employer, and that there were no other agents of Federal that could have hired the plaintiff or his employer (McDonald aff. at ¶ 21–31).

However, Ms. McDonald's affidavit is silent as to two essential issues: the condition of the premises at the time of conveyance and whether Federal contracted with the general contractor (who may then have sub-contracted with plaintiff's employer). Plaintiff's complaint alleges that his accident was caused or contributed to by a "dangerous premises condition" (complaint at ¶ 102) and that Federal contracted for work to be done at the premises on the date of plaintiff's accident (*id.* at ¶ 63). Defendant Federal does not offer any evidence to controvert plaintiff's claim about a dangerous premises condition causing his accident. Furthermore, this motion was made prior to the completion of any discovery that could confirm or refute plaintiff's allegations. Accordingly, Federal has failed to make out its prima facie case for summary judgment and its motion must be denied "regardless of the sufficiency of the opposing papers"

3

[* 3]

(*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Federal's motion is therefore denied as premature.

Defendant Federal also seeks default judgment on its counter-claim for costs and sanctions against the plaintiff. It is undisputed that the plaintiff answered defendant's counter-claim late and in response to the instant motion. In order to resist default judgment, a party must demonstrate a reasonable excuse for failing to reply and a potentially meritorious defense (*see MMG Design Inc v Melnick*, 35 AD3d 823 [2d Dept 2006]). In his affidavit in opposition, plaintiff's counsel takes responsibility for the law office failure—specifically, for overlooking the counter-claim and failing to interpose a timely answer (aff. in supp. at ¶ 4). The merits of plaintiff's defense to Federal's counter-claim are demonstrated by the denial of Federal's motion for summary judgment, analyzed above. Given the reasonable excuse and a meritorious defense, defendant's motion for default judgment is denied, and plaintiff's motion to deem his answer to the counter-claim served *nunc pro tunc* is granted.

In light of denial of Federal's motion for summary judgment due to questions of material fact, costs and sanctions are not warranted (*Deutsche Bank National Trust Company v Homar*, 163 AD3d 522 [2d Dept 2018]; *see also Baker v Health Mgt. Sys., Inc.*, 98 NY2d 80, 88 [2002] [the "American Rule" does not warrant cost shifting "absent *explicit* statutory authority" (emphasis original)]). Without comment on what the ultimate fate of plaintiff's claims against Federal may prove to be, plaintiff is awarded summary judgment solely on the defendant's counter-claim for costs and sanctions; Federal's counter-claim is hereby dismissed.

**Conclusion**

Defendant's motion (Seq. 001) for summary judgment, default judgment, and sanctions is denied.

4

[* 4]

[*5]

Plaintiff's cross- motion for summary judgment and to accept the answer *nunc pro tunc* (Seq. 002) is granted. Plaintiff's answer to the counter-claims is deemed served, and defendant's counter-claim is dismissed.

This constitutes the decision and order of the court.

_____December 22, 2023_____
**DATE**

**DEVIN P. COHEN**
Justice of the Supreme Court

5